UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: NAVISTAR MAXXFORCE ENGINES MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | ) ) ) ) ) | Case No. 14-cv-10318 MDL No. 2590 |
| THIS ORDER RELATES TO ALL ACTIONS | ) | Judge Joan B. Gottschall |

ORDER

The court grants the *Denis Gray* plaintiffs' motion for appointment of interim lead counsel and liaison counsel [8] and denies the *Par 4* plaintiffs' motion [69] filed in 14-cv-5151.

STATEMENT

Before the court are two applications for appointment as interim counsel pursuant to Federal Rule of Civil Procedure 23(g). The first proposal from the "*Denis Gray*" plaintiffs consists of a leadership structure of three firms—Adam J. Levitt of Grant & Eisenhofer, P.A. (G&E), Jonathan D. Selbin of Lieff Cabraser Heimann & Bernstein (LCHB), and William M. Audet of Audet & Partners, LLP—serving as interim co-lead counsel, with Laurel G. Bellows of The Bellows Law Group acting as Liaison Counsel. The second proposal, from the "*Par 4*" plaintiffs, features two firms as interim co-counsel—Jeffrey R. Krinsk of Finkelstein & Krinsk LLP ("F&K") and either Levitt of G&E or Selbin of LCHB—with Marvin Miller of the Miller Law Firm ("Miller Law") acting as Liaison Counsel.

Pursuant to Federal Rule of Civil Procedure 23(g)(3), a "court may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." It is generally accepted that the same considerations that govern the appointment of class counsel once a class is certified govern the designation of interim class counsel before certification. *See, e.g.*, *Walker v. Discover Fin. Servs.*, No. 10 C 6994, 2011 WL 2160889, at *2 (N.D. Ill. May 26, 2011). When presented with competing requests for appointment, "the court must appoint the applicant best able to represent the interests of the class." Fed. R. Civ. P. 23(g)(2). The court "must consider":

> (i) the work counsel has done in identifying or investigating potential claims in the action;
>
> (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;
>
> (iii) counsel's knowledge of the applicable law; and
>
> (iv) the resources that counsel will commit to representing the class;

Fed. R. Civ. P. 23(g)(1)(A)(i)-(iv). In addition, the court may also "consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class. . . ." Fed. R. Civ. P. 23(g)(1)(B).

All of the firms vying to be interim lead counsel are well-credentialed, experienced in class actions and complex litigation (although to varying degrees), and have documented their efforts to investigate the facts giving rise to the claims already brought and to other potential claims. Choosing among the candidates is not easy. For the reasons that follow, however, the court finds that the first proposal from the *Denis Gray* plaintiffs is best suited for the needs of this litigation.

First, the *Denis Gray* plaintiffs propose a three-firm leadership structure comprised of two large, sophisticated plaintiffs' firms, G&E and LCHB, along with Audet & Partners. Where a disagreement arises within the leadership, the odd-numbered structure will facilitate, at a minimum, a 2-1 resolution. By contrast, the *Par 4* plaintiffs offer a two-firm leadership structure, which creates the possibility of a stalemate. Moreover, in light of the apparent distrust between F&K and both G&E and LCHB, and given F&K's accusations against both firms, it is foreseeable that an internal conflict could develop in a joint F&K-G&E or F&K-LCHB appointment, to the detriment of the class and the progress of the MDL.

Second, the *Denis Gray* plaintiffs appear to hold the confidence of nearly all plaintiffs, except for the *Par 4* plaintiffs. On January 8, 2015, the *Denis Gray* plaintiffs organized a meeting to discuss initial disclosures, document retention, and other case management protocols. The *Par 4* plaintiffs contend that the meeting was merely a charade to present a predetermined leadership structure, its preliminary decisions, and assignments to firms that had consented to the leadership structure.

What the *Par 4* plaintiffs do not dispute, however, is that a supermajority of plaintiffs' firms involved in this MDL favor the *Denis Gray* plaintiffs' proposal. This near consensus suggests that the *Denis Gray* plaintiffs' counsel have acquired the confidence and trust of their colleagues.[1]

The *Par 4* plaintiffs contend that the *Denis Gray* plaintiffs will excessively rely upon committees and create an environment that engenders unnecessary, duplicative work. Indeed, there is a fine line in an MDL between establishing (a) an organizational structure that promotes the efficient delegation of work, and (b) an elaborate inter-firm bureaucracy that impedes progress and generates fees. The *Denis Gray* plaintiffs, however, stress that they can straddle this line. They vow to "collect time reports from all co-counsel involved in this litigation in order to ensure that there is no duplicative or excessive billing, and to make sure that all fees are appropriate." (ECF No. 8 at 19.) At least at the outset, this system appears sounds and well-positioned to manage time in relation to task. If, upon reviewing the *Denis Gray* plaintiffs'

---

[1] The court finds no evidence to support the accusation that the *Denis Gray* plaintiffs acquired the support of other plaintiffs' firms improperly.

periodic reports of fees accrued, the court sees evidence of unnecessary, wasteful billing, the court can revisit this order appointing interim counsel. *See* Fed. R. Civ. P. 23(g)(1)(E).

Accordingly, the court grants the *Denis Gray* plaintiffs' motion for appointment of interim lead counsel and liaison counsel and denies the *Par 4* plaintiffs' motion. The court designates Adam J. Levitt of Grant & Eisenhofer, P.A., Jonathan D. Selbin of Lieff Cabraser Heimann & Bernstein, and William M. Audet of Audet & Partners, LLP as interim co-lead counsel and Laurel G. Bellows of The Bellows Law Group as Liaison Counsel.

Interim co-lead class counsel shall provide general supervision of the activities of all plaintiffs' counsel in the litigation. They should seek consensus among the attorneys when making decision that may have a critical impact on the litigation. They have the authority to:

a. Determine (in consultation with other counsel) and present to the court and opposing parties the position of the plaintiffs in the litigation on all matters, substantive and procedural, arising during the proceedings;

b. Coordinate and conduct discovery on behalf of the plaintiffs, either personally or through the efforts of other counsel, including following any discovery and scheduling orders that the court may issue, preparing joint interrogatories and requests for production of documents, and deposing witnesses;

c. Host or co-host a common document depository for the plaintiffs and monitor the review of documents to ensure non-duplication of effort;

d. Coordinate the selection and preparation of expert witnesses for the plaintiffs;

e. Conduct settlement negotiations on behalf of the plaintiffs;

f. Delegate specific tasks to other counsel and appoint such informal committees of counsel as are necessary;

g. Enter into stipulations with opposing counsel as necessary;

h. Prepare and distribute periodic status reports for the plaintiffs as required;

i. Monitor the activities of co-counsel to ensure that schedules are met and unnecessary expenditures of time and funds are avoided;

j. Perform such other duties as may be incidental to proper coordination of plaintiffs' activities or authorized by further order of the court;

k. Keep the other attorneys in the group advised of the progress of the litigation and consult them about decisions significantly affecting their clients;

l.  Keep a daily record of their time spent and expenses incurred in connection with this litigation, indicating with specificity the hours, location, and particular activity (such as "Conduct deposition of A.B."). The failure to maintain such records will be grounds for denying court-awarded attorney fees, as will an insufficient description of the activity (such as "research" or "review of correspondence"); and

m.  Submit a billing statement to chambers for the court's review six months from the entry of this order and again six months after that. Thereafter, such records shall be submitted annually.

While the court will not enter a detailed order regulating the number of attorneys that may attend depositions or hearings, or prescribing a protocol for email communications, should there be any indication that interim counsel is violating its duties to the class or co-plaintiffs, or otherwise engaging in unduly expensive practices, the court will reconsider the need for more detailed specification.

No tasks, including filing pleadings and other papers or conducting discovery, shall be performed by plaintiffs' counsel without coordination by interim co-lead counsel, so as to prevent duplication of efforts. All papers filed with the court on behalf of any plaintiff shall be filed through interim co-lead counsel. In the event that the *Par 4* plaintiffs or plaintiffs represented by counsel other than interim co-lead counsel have interests distinct from those of the rest of the putative class, their counsel may petition this court for limited relief from this order. All plaintiffs' counsel shall submit to interim co-lead counsel a record of time expended and expenses incurred in the manner, form, and frequency directed by interim co-lead counsel.

The parties will comply with the United States District Court for the Northern District of Illinois' rules regarding Electronic Case Filing ("ECF") for all documents submitted for filing before this court. Service through ECF shall be deemed sufficient with no additional service required. For documents to be served but not filed, service on interim co-lead counsel constitutes service on all other attorneys for plaintiffs.

Cooperation by and among counsel is essential for the orderly and expeditious resolution of this litigation. Counsel for all parties are directed to cooperate with one another, wherever possible, to promote the expeditious handling of pre-trial proceedings in this litigation. The mere communication of otherwise privileged information among plaintiffs' counsel and their respective clients shall not be deemed a waiver of the attorney-client privilege or the attorney work product immunity.

This order shall apply to each case subsequently filed in this court or transferred to this court, unless a party objecting to the consolidation of such a case files an application for relief from this order. Interim co-lead class counsel shall assist the court by calling to the attention of the clerk of the court the filing or transfer of any case that might properly be consolidated as part of this action.

If any party wishes to object to the terms of this order, they should file objections within fourteen days of the date of the order.

The parties are to appear for status on April 10, 2015 at 10:00 a.m. An order addressing this initial status conference shall issue shortly.

ENTER:

/s/
JOAN B. GOTTSCHALL
United States District Judge

DATED: March 5, 2015