**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| IN RE: NAVISTAR MAXXFORCE ENGINES MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-cv-10318<br><br>The Honorable Joan B. Gottschall, Judge Presiding |

**NON-PARTY DAIMLER TRUCKS NORTH AMERICA LLC'S
MOTION TO QUASH SUBPOENA TO PRODUCE DOCUMENTS AND
FOR LEAVE TO FILE A MEMORANDUM OF LAW IN SUPPORT**

NOW COMES non-party, DAIMLER TRUCKS NORTH AMERICA, LLC, ("DTNA") through its attorneys in this regard, Mark H. Boyle and Ellen L. McHugh and DONOHUE BROWN MATHEWSON & SMYTH LLC, and moves this Court for an order quashing the Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action served on DTNA on July 27, 2017. In further support of its Motion to Quash, DTNA states as follows:

1. Plaintiffs in this class action served a Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action ("Subpoena") on July 27, 2017. (Exhibit A)

2. The Subpoena, issued in a class action apparently involving one of DTNA's competitors, includes broad document requests requiring DTNA, a non-party with no relationship to this lawsuit, to identify all trucks sold or leased as new or used from 2008 to 2016. The Subpoena further seeks the production of DTNA's confidential, proprietary, and commercially sensitive documents and information about each and every truck and transaction identified.

3.      Rule 45(d)(3) of the Federal Rules of Civil Procedure provides that on timely motion "the court for the district where compliance is required must quash or modify a subpoena" that 1) subjects a person to undue burden, 2) provides insufficient time to comply, and/or 3) requires disclosure of privileged or other protected matter. In addition, Rule 45(d)(3) permits a district court to quash or modify a subpoena if it requires the disclosure of a trade secret or other confidential or commercial information.

4.      The Subpoena served on non-party DTNA improperly seeks confidential and commercially sensitive documents and information, the disclosure of which, particularly in an action involving one of DTNA's competitors, would detrimentally affect DTNA's business. Additionally, the sweepingly broad Subpoena provides insufficient time to comply and may require the disclosure of privileged or other protected matter.

5.      On information and belief, the underlying lawsuit involves trucks equipped with a Navistar MaxxForce Advanced EGR diesel engine. However, to DTNA's knowledge, no DTNA truck, cab, chassis or other component is involved in the pending class litigation. No DTNA trucks are alleged to have been equipped with a Navistar MaxxForce engine, which is apparently the subject of the underlying class lawsuit.

6.      In addition, Plaintiffs have failed to comply with Rule 45(d)(1), which requires the party or attorney issuing the subpoena to take "reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Prior to serving the subpoena on non-party DTNA, Plaintiffs took no steps to contact DTNA to avoid imposing an undue burden or address the overwhelming concern about DTNA's confidential and proprietary information.

7. In particular, the Subpoena served on non-party DTNA is unduly burdensome because it would require DTNA to identify each and every Class 8 truck sold or leased as new for an eight year period, from 2008 to 2016, and further provide confidential and commercially sensitive documents and information pertaining to the purchase, sale, ownership, trade-in, warranty claims, and mileage for each and every truck.

8. The indiscriminate breadth of the categories and the nature of the documents and information sought would improperly require DTNA to produce confidential business information, such as customer identification, vehicle attributes, and vehicle performance, which materially impact commercially sensitive information, including the price and dollar amounts paid to dealers involved in the transactions.

9. In addition, the Subpoena seeks private information about DTNA's purchasers, including, for example, their name, purchase price of their trucks, trade-in amounts, and warranty claims.

10. The improperly broad Subpoena, served on July 27, 2017, also specifies 30 days to respond, which, if this Court does not quash the Subpoena, provides an insufficient time to respond. Thirty days would be insufficient to identify vehicles, gather documents, review documents and electronically stored information for trade secret, commercially sensitive and confidential information, and identify private and privileged information contained in the documents.

11. Finally, the Subpoena does not describe with particularity the information, documents, or categories of documents sought, particularly in its request for "[D]ocuments sufficient to Identify," "[D]ocuments sufficient to allow Plaintiffs," and "[D]ocuments sufficient to show." *Id.*

12.     DTNA is a non-party in this action and the time, expense and inconvenience of responding to the Subpoena would be burdensome and would impose undue hardship on DTNA without any substantial corresponding benefit to Plaintiffs.

13.     DTNA has requested a hearing on this Motion to Quash and further seeks leave to file a memorandum in support of this Motion to Quash Subpoena for Production of Documents, which memorandum would contain the further factual and legal bases in support of its request to quash this Subpoena.

WHEREFORE, DAIMLER TRUCKS NORTH AMERICA, LLC, moves this Court to quash the attached Subpoena. DTNA prays for this relief as well as any other relief that this Court deems just and equitable under the circumstances.

Respectfully submitted,

DAIMLER TRUCKS NORTH AMERICA, LLC

By:     /s/ Mark H. Boyle_____
        Mark H. Boyle, ARDC # 6200934
        Ellen M. McHugh, ARDC # 6190691
        DONOHUE BROWN MATHEWSON & SMYTH LLC
        140 South Dearborn Street, Suite 800
        Chicago, IL  60603
        Telephone:  (312) 422-0900
        Facsimile:   (312) 422-0909
        boyle@dbmslaw.com
        mchugh@dbmslaw.com

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
NORTHERN DISTRICT OF ILLINOIS

| IN RE NAVISTAR MAXXFORCE | ) |
|---|---|
| *Plaintiff* | ) |
| v. | ) Civil Action No. 14 CV 10318 |
|  | ) |
|  | ) (If the action is pending in another district, state where: |
| *Defendant* | )                    ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Daimler Trucks North America LLC
c/o CT Corporation System, Registered Agent, 780 Commercial Street, Suite 100, Salem, OR 97301

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material: See Schedule A.

| Place: U.S. Legal Support<br>1001 S.W. 5th Avenue, Suite 1100<br>Portland, OR 97204 | Date and Time:<br>08/28/2017 9:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: 07/27/2017

CLERK OF COURT

OR

_____      /s/ Jason L. Lichtman
*Signature of Clerk or Deputy Clerk*    *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* ____Plaintiffs____
_____, who issues or requests this subpoena, are:
Lieff Cabraser Heimann & Bernstein, LLP, 250 Hudson Street, 8th Floor, New York, NY 10013
(212) 355.9500, jlichtman@lchb.com

Exhibit A

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 14 CV 10318

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

**(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## SCHEDULE A — Daimler Trucks North America LLC

**If you have any questions about the information we are requesting, we will be happy to discuss it with you to eliminate any confusion and attempt to reduce your burden in responding to this subpoena. Please contact the attorney identified at the bottom of the subpoena either by e-mail or phone.**

This subpoena for documents (*duces tecum*) is served upon you pursuant to the Federal Rules of Civil Procedure. Your duties and responsibilities in responding to this subpoena are set forth in those Rules, including Rules 26, 34, and 45.

This subpoena relates to the multidistrict litigation *In re Navistar MaxxForce Engines Marketing, Sales Practices and Products Liability Litigation*, Case No. 1:14-cv-10318, pending in the United States District Court for the Northern District of Illinois. The case involves allegations that certain heavy-duty trucks manufactured by Navistar, Inc. were equipped with engines with defectively-designed emissions systems, resulting in frequent breakdowns and damage to the engine.

This subpoena requests that you provide documents relating to certain matters set forth below under the heading "DOCUMENT REQUESTS." Immediately below are Definitions and Instructions applicable to this subpoena.

## DEFINITIONS

The following terms, whenever used herein, and whether or not capitalized, shall have the meanings listed below:

1. "All" or "any" means each and every.

2. "And" and "or" are terms of inclusion and not of exclusion, and shall be construed either disjunctively or conjunctively as necessary to bring within scope any answer that might otherwise be construed to be outside its scope.

3. "Communicate" means to exchange, transfer, or disseminate information, regardless of the means by which it is accomplished.

4. "Communication" means the transmission of information, in the form of facts, ideas, inquiries, or Documents.

5. "Daimler" means Daimler Trucks North America LLC. and its respective parent companies, subsidiaries, divisions, subdivisions, practice groups, departments, affiliates, predecessors, successors, joint ventures, present and former officers, directors, partners, principals, employees, representatives, agents, attorneys, advisors, and all other individuals acting or purporting to act on its behalf.

6. "Document" includes any ESI and is otherwise synonymous to the term "document" in Federal Rule of Civil Procedure 34. Accordingly, Document includes without limitation the original Document (or identical duplicate when the original is not available), all non-identical copies (whether non-identical because of notes made on copies or attached comments, annotations, marks, transmission notation, or highlighting of any kind), and any drafts.

7. "ESI" means electronically stored information, as that phrase is used in Federal Rule of Civil Procedure 34.

8. "Relating To" means discussing, describing, referring to, forecasting, reflecting, containing, analyzing, studying, reporting on, commenting on, evidencing, constituting, setting forth, considering, recommending, concerning, or pertaining to, in whole or in part.

9. "Truck" or "Trucks" means any Class 8 trucks You sold or leased in the United States.

10. "Engine" of "Engines" means any engine powering any Truck.

11. "You" and "your" refer to Daimler.

## INSTRUCTIONS

1. The singular form of a noun or pronoun includes its plural form, and vice versa. The use of any masculine or feminine pronoun includes both the feminine and the masculine.

2. The use of a verb tense in any tense is to be construed as the use of the verb in all other tenses, whenever necessary to being into scope of the specification all responses that might otherwise be construed to fall outside the scope.

3. In responding to this subpoena, You shall produce Documents (including those stored electronically) that are in Your possession, custody, or control.

4. If You are unable to answer or respond fully to any document request, answer or respond to the extent possible and specify the reasons for Your inability to answer or respond in full.

5. If any Document is withheld based upon a claim of privilege or work-product, whether based on statute or otherwise, state separately for each such Document sufficient information to permit the Court to make a full determination as to whether the claim of privilege or work-product is valid.

6. If You assert privilege or work-product with respect to part of a responsive Document, redact the privileged portion and indicate clearly on the document where the material was redacted.

3

## DOCUMENT REQUESTS

**REQUEST NO. 1:**

Produce Documents sufficient to Identify each Truck sold or leased as new between 2008 and 2016. For each such Truck, produce Documents sufficient to allow Plaintiffs to Identify:

a. The Truck's vehicle identification number, Truck model, Truck model year, and Engine model;

b. the initial date of sale or lease, and whether the vehicle was sold or leased;

c. the initial owner or lessee of the vehicle;

d. the final sales price (if the Truck was sold) or lease amount and terms (if the Truck was leased);

e. the dollar amount provided to the buyer of any trade-in associated with the transaction, and the Identity of any Truck that was traded-in at the time of the transaction;

f. the warranty coverage purchased, and the amount paid for such warranty;

g. all known changes in ownership of the Truck (owner name, date of change);

h. any warranty extensions (including the date of change), and the price paid for such extensions;

i. any trade-in or buybacks of the Truck. This should include: (i) the purchase price paid for the trade-in or buyback; (ii) the sales value and vehicle information (e.g., make, model, model year, mileage) for any vehicle purchased in association with the trade-in; and (iii) any money You provided to dealers to support the buy-back.

4

j.  any subsequent resale of the Truck, including the final sales price of the transaction, the dollar amount and vehicle information (e.g., make, model, model year, mileage) provided to the buyer of any trade-in associated with the transaction.

**REQUEST NO. 2:**

Produce Documents sufficient to allow Plaintiffs to:

a.  Identify any standard, as-manufactured vehicle characteristics that materially impact the price of a new Truck for Trucks sold between 2008 and 2016. This may include, by way of example only, characteristics such as engine displacement, engine horsepower, engine torque, vehicle weight, vehicle mpg, axle type (e.g., 6x4), and transmission type (e.g., automatic or manual);

b.  Determine current ownership of the truck and the known status of any warranty remaining on the truck, including date or mileage when coverage is anticipated to end and last known or estimated current mileage on the truck;

c.  Determine total aggregate sales, in units and in dollars, and total aggregate units manufactured for sale, for each Truck and Engine model.

**REQUEST NO. 3:**

For each Truck Identified in Request No. 1, provide Documents sufficient to show all maintenance performed under warranty, including dates of service (check-in, check-out), vehicle mileage recorded at time of maintenance, any codes used to record the type of service, description of service, part numbers and descriptions for parts replaced, and Your booked costs of providing the maintenance (such as payments to dealers).

5673/001/478557.1

**CERTIFICATE OF SERVICE**

       I, hereby certify that on this 9th day of August, 2017, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which provided electronic service upon:

Jason L. Lichtman
Lieff Cabraser Heimann & Bernstein, LLP
250 Hudson Street, 8th Floor
New York, NY 10013
jlichtman@lchb.com
*Counsel for Plaintiffs*

                                         /s/ Mark H. Boyle
                                         *Counsel for Daimler Trucks North America LLC*