**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

|  |  |
|---|---|
| In re Navistar MaxxForce Engines Marketing, Sales Practices and Products Liability Litigation | **Master Case No. 1:14-cv-10318** |
|  | **This filing applies to:** |
|  | *Ferguson Enterprises, Inc. v. Navistar, Inc. et al.*, 1:16-cv-11164 |
|  | *Cardinal Logistics Management Corporation v. Navistar, Inc. et al.*, 1:17-cv-06472 |
|  | *Floyd Blinksy Trucking, Inc. v. Navistar, Inc. et al.*, 1:15-cv-06718 |
|  | *All Freight Systems, Inc. v. Navistar, Inc. et al.*, 1:15-cv-01256 |
|  | *Adrian Trucking v. Navistar, Inc., et. al.*, 1:17-cv-01413 |
|  | *Great Plains Trucking, Inc. v. Navistar, Inc. et al.*, 1:15-cv-01568 |
|  | *Duffy's Waste and Recycling, Inc. v. Navistar, Inc. et al.*, 1:16-cv-00803 |
|  | **Judge Joan B. Gottschall** |
|  | **Magistrate Judge Michael T. Mason** |

**DIRECT ACTION PLAINTIFFS' RENEWED JOINT MOTION
FOR SEPARATE DISCOVERY AND TRIAL SCHEDULE**

Plaintiffs Ferguson Enterprises, Inc. ("Ferguson"), Cardinal Logistics Management

Corporation ("Cardinal Logistics"), Floyd Blinsky Trucking, Inc. ("Blinsky"), All Freight

Systems, Inc. ("All Freight"), Adrian Trucking, Inc. ("Adrian Trucking"), Great Plains Trucking,

Inc. ("Great Plains"), and Duffy's Waste and Recycling, Inc. ("Duffy's Waste") (together,

"Direct Action Plaintiffs")[1] respectfully submit this joint motion for a scheduling order and trial date separate from the schedule governing the claims of the class plaintiffs. Counsel for Ferguson and Cardinal had previously conferred with Defendants Navistar, Inc. and Navistar International Corporation ("Navistar" collectively), and Navistar indicated its objection to the entry of a separate scheduling order for Direct Action Plaintiffs.

1. **Summary of Claims and Procedural Posture**

Plaintiff Ferguson, a Virginia company, is the largest distributor of plumbing supplies and PVF (pipes, valves, and fittings) in the United States. On December 7, 2016, Ferguson filed suit against Navistar (the "Ferguson Matter") to recover the losses it incurred from its purchase of nearly five hundred (500) Navistar vehicles equipped with defective engines. *See Ferguson Enterprises, Inc. v. Navistar, Inc. et al.*, 1:16-cv-11164, Dec. 7, 2016. On Navistar's April 4, 2017 motion for reassignment (MDL Dkt. No. 164), the Executive Committee ordered that the Ferguson Matter be reassigned to Judge Gottschall so that it could be included in the above-captioned multi-district litigation. The Ferguson Matter was reassigned on April 6, 2017 (MDL Dkt. No. 168).

Plaintiff Cardinal Logistics, a North Carolina company, is a leading provider of transportation management and dedicated delivery services. On September 7, 2017, Cardinal Logistics filed a similar lawsuit (the "Cardinal Logistics Matter"). *See Cardinal Logistics Mgmt. Corp. v. Navistar, Inc. et al.*, 1:17-cv-06472, Sept. 7, 2017. The Cardinal Logistics Matter was reassigned to the MDL, without objection, on September 21, 2017. (MDL Dkt. No. 275).

---

[1] On October 24, 2017, the Court requested for plaintiffs "to file, or join, any motions proposing a discovery schedule for a track for direct action plaintiffs…with an eye toward eliminating duplicative filings and proposals for a single set of deadlines to the degree possible." (Dkt. No. 326). Counsel for Direct Action Plaintiffs Ferguson and Cardinal Logistics have reached out to the direct action plaintiffs identified in the MDL after reviewing the MDL complaints and compiling a list of those plaintiffs that counsel could identify that were not named in the First Master Class Complaint. Those direct action plaintiffs who responded and expressed an interest in joining this schedule are included in this revised motion as instructed by the Court.

Plaintiff Floyd Blinsky, a Washington company, is a logistics company and owner of a commercial trucking fleet and is engaged in the business of hauling refrigerated and dry van commodities across 48 states. On July 11, 2014, Blinsky filed suit against Navistar (the "Blinsky Matter") in Washington state court to recover the losses it incurred from its purchase of twenty (20) Navistar vehicles equipped with defective engines. This matter was removed and then transferred to the MDL court on July 31, 2015. *Floyd Blinsky Trucking, Inc. v. Navistar, Inc. et al.*, 1:15-cv-06718 (MDL Dkt. No. 73). Prior to the transfer of the matter, the parties completed substantial discovery, including substantial written discovery, and oral depositions of Navistar corporate witnesses.

Plaintiff All Freight, a Kansas company, is a logistics company and owner of a commercial trucking fleet and is engaged in the business of hauling dry van commodities across 48 states. On December 10, 2014, All Freight filed suit against Navistar (the "All Freight Matter") to recover the losses it incurred from its purchase of seventy (70) Navistar vehicles equipped with defective engines. The matter was transferred to the MDL court on February 9, 2015. *All Freight Systems, Inc. v. Navistar, Inc. et al.*, 1:15-cv-01256 (MDL Dkt. No. 14). Most, if not all, of the vehicles at issue were inspected by Navistar prior to All Freight's case being transferred to the MDL court, but no additional discovery has been conducted.

Plaintiff Adrian Trucking is a logistics company and owner of a commercial trucking fleet and is engaged in the business of hauling dry van commodities across 48 states. On December 17, 2015, Adrian filed suit against Navistar (the "Adrian Matter") in Iowa state court to recover losses it incurred from its purchase of eleven (11) Navistar vehicles equipped with defective engines. The matter was removed and then transferred to the MDL

court on February 24, 2017. *See Adrian Trucking v. Navistar, Inc., et. al.*, 1:17-cv-01413 (MDL Dkt. No. 166). Prior to the transfer to the MDL court, the parties completed substantial discovery, including multiple rounds of written discovery as well as oral depositions, including Plaintiff's owner, truck drivers, mechanics, and corporate representative.

Plaintiff Great Plains Trucking, Inc., a Kansas company, is a logistics company and owner of a commercial trucking fleet and is engaged in the business of hauling dry van commodities across 48 states. On January 5, 2015, Great Plains filed suit against Navistar (the "Great Plains Matter") to recover the losses it incurred from its purchase of thirty-three (33) Navistar vehicles equipped with defective engines. The matter was transferred to the MDL court on February 19, 2015. *See Great Plains Trucking, Inc. v. Navistar, Inc. et al.*, 1:15-cv-01568 (MDL Dkt. No. 21). The vehicles at issue were inspected by Navistar prior to Great Plain's case being transferred to the MDL court prior to any discovery being conducted, but no further discovery was conducted prior to transfer.

Finally, Plaintiff Duffy's Waste, a Vermont company, is engaged in the business of collecting, hauling, and disposing of waste and recyclable materials. On December 30, 2015, Duffy's Waste filed suit against Navistar in the U.S. District Court for the District of Vermont to recover losses it incurred from its purchase of a single Navistar vehicle with a defective engine. The matter was transferred to the MDL court without objection on January 20, 2016. *See Duffy's Waste and Recycling, Inc. v. Navistar, Inc. et al.*, 1:16-cv-00803 (MDL Dkt. No. 101). The vehicle at issue has been inspected by Navistar, but no further discovery has been conducted.[2]

---

[2] Two additional direct action plaintiffs expressed interest in joining the motion and proposed schedule, but did not provide their final approval prior to the filing deadline.

The Complaints' causes of action are based in contract, negligence, fraud, and state-level consumer protection. These matters are direct action cases. None of the complaints include class allegations and none of the Direct Action Plaintiffs seek to be part of any class.

2. **Discovery Schedule**

Although the parties will coordinate with the other MDL cases whenever possible, these direct actions will be most efficiently managed if the Court issues a discovery schedule tailored to them. Direct Action Plaintiffs seek to complete additional, limited discovery related to their specific claims without awaiting the results of the class action proceedings and to be prepared for trial on a schedule separate from the class action trials.

The current schedule set for the class cases, as recently revised by the parties and the Court (*see* Dkt No. 301) is unsuitable for these direct actions because it will unduly and unnecessarily delay the resolution of these matters. The plaintiffs' motion on class certification is not due until March 29, 2018 (Dkt No. 301), and that motion is followed by expert discovery and *Daubert* motions practice focused on the class certification issue. That class certification discovery and expert process will not conclude until August 30, 2018. Thus, it is unlikely – even without further delays and changes – that the class action portion of the case will conclude until close to the end of 2018. During this interim, there is no provision currently for discovery to proceed as to the Direct Action Plaintiffs, so those cases will not even *begin* in earnest until 2019.

Counsel for Direct Action Plaintiffs Ferguson and Cardinal Logistics conducted a meet-and-confer with counsel for Navistar and proposed implementation of this schedule, alongside the existing schedule. Navistar voiced a few specific objections to the proposed schedule, some of which have been incorporated into the attached proposed schedule. Ultimately, however,

Navistar objected to the entry of a separate schedule and thus no agreement was reached. Navistar offered no counter-proposal, except that the Direct Action cases should not proceed until the conclusion of the class certification process.

### 3.      Need for a Separate Schedule

The Direct Action Plaintiffs will be unaffected by the Court's class certification ruling(s). Thus, the significant delay in the class actions to determine class certification will pose a lengthy and unnecessary delay in the resolution of these direct action matters. In effect, the Direct Action Plaintiff cases will be stayed inappropriately pending class certification litigation unless the relief of a separate schedule sought here is granted.

The current class schedule is also ill-suited to these cases because the Direct Action Plaintiffs' complaints allege unique facts for which limited discovery—separate from that already completed in the MDL—is needed. For example, unlike many of the smaller entities involved in the class actions, Ferguson—a large company with several hundred Navistar trucks in its fleet—conducted negotiations for the purchase of the Navistar engines and warranty/repair discussions directly with Navistar. *See, e.g.*, *See Ferguson Enterprises, Inc. v. Navistar, Inc. et al.*, 16-cv-11164-EB, Dec. 7, 2016 (ECF No. 6, ¶¶ 69-71, 96-105, 118-121, 148, 176). Ferguson's Complaint is based in part on Navistar's alleged actions and representations over the course of this relationship. Discovery, for example, of Navistar's internal correspondence and communications concerning those Ferguson-specific actions and representations will be necessary. The Cardinal Logistics Complaint is, likewise, based in part on its direct relationship with Navistar. In addition, Navistar likely possesses warranty-based repair records specific to at least some of these Direct Action Plaintiffs that may require separate discovery to obtain and address in depositions.

As the parties cannot coordinate with other plaintiffs on these issues, and because documents already produced by Navistar may not include documents and/or information specific to each Direct Action Plaintiff, there is no need to wait for class discovery to end before beginning discovery in the Direct Action Plaintiff cases. Waiting until after the class action matters reach resolution to begin the necessary discovery specific to these cases will only delay resolution of the Direct Action Matters and overall MDL even further. That discovery should be initiated and completed as soon as possible.

Further, issuing a separate discovery schedule for the Direct Action Matters aligns with best practices in MDL case management. The Judicial Panel on Multidistrict Litigation routinely notes that transferee judges can establish "separate discovery and/or motion tracks to efficiently manage [multidistrict] litigation." *In re Gadolinium Contrast Dyes Prods. Liab. Litig.*, 536 F. Supp. 2d 1380, 1382 (J.P.M.L. Feb. 27, 2008); *see also In re Avaulta Pelvic Support Sys. Prods. Liab. Litig.*, 746 F. Supp. 2d 1362, 1364 (J.P.M.L. Oct. 12, 2010); *In re Countrywide Fin. Corp. Mortg. Mktg. & Sales Practices Litig.*, 582 F. Supp. 2d 1373, 1375 (J.P.M.L. Oct. 14, 2008). And an oft-stated goal of centralization through the MDL process is to "ensur[e] that pretrial proceedings will be conducted in a manner leading to the just and expeditious resolution of all actions to the overall benefit of the parties." *In re Medtronic, Inc.*, 408 F. Supp. 2d 1351, 1352 (J.P.M.L. Dec. 7, 2005); *see also In re Zimmer Nexgen Knee Implant Prods. Liab. Litig.*, 802 F. Supp. 2d 1374, 1377 (J.P.M.L. Aug. 8, 2011); *In re Vioxx Prods. Liab. Litig.*, 360 F. Supp. 2d 1352, 1354 (J.P.M.L. Feb. 16, 2005).

Here, where the class discovery track may be mired in issues irrelevant to the Direct Action Matters for another year or more, a separate discovery track will promote a just and speedy resolution of these cases. *See, e.g., In re Bridgestone/Firestone, Inc., Tires Prod. Liab.*

*Litig.*, No. IP 00-9374-C-B/S, 2011 WL 6890672, at *2 (S.D. Ind. Dec. 30, 2011) (noting that non-class cases had separate discovery schedules from the class cases); *In re Vioxx Prod. Liab. Litig.*, MDL No. 1657, ECF No. 1657 (E.D. La. June 21, 2005) (issuing separate scheduling order for non-class cases); *In re St. Jude Med., Inc., Silzone Heart Valves Prod. Liab. Litig.*, No. MDL 1396, 2001 WL 1640057, at *2 (D. Minn. Oct. 22, 2001).

### 4. Proposed Schedule

To promote the twin goals of justness and efficacy in MDL litigation, (*see* Dkt. No. 1), the Direct Action Plaintiffs propose that the Court enter the discovery order attached as Exhibit A. The Direct Action Plaintiffs will adhere to orders already issued in the MDL that are applicable to discovery in this case, including the Stipulated Protective Order Regarding Confidentiality (Dkt. No. 125), the Order Regarding Discovery of Electronically Stored Information (Dkt. No. 126), and Vehicle Inspection Protocol (Dkt. No. 138). Ferguson and Navistar are already conducting inspections under the Vehicle Inspection Protocol.

The Direct Action Plaintiffs are currently working with class liaison counsel to obtain access to all documents, discovery responses, and depositions produced or conducted to date in the MDL proceedings. The Direct Action Plaintiffs are amenable to using the magistrate already assigned to this matter to expedite matters pertaining to discovery.

As additional discovery occurs in the class action cases, the Direct Action Plaintiffs will work with Navistar to ensure that discovery in these matters is not duplicative and operates efficiently as possible while providing the specific discovery needed for these actions.

The Direct Action Plaintiffs respectfully request that, if the Court grants the request for a separate discovery schedule, that the Court also accepts the proposed schedule in Exhibit A, with any modifications the Court requires to fit its available pre-trial and trial schedule. The schedule

in Exhibit A has been modified somewhat to account for the briefing schedule the Court

identified in its minute order.

Respectfully submitted,

**s/ H. Patrick Morris**
H. Patrick Morris, Bar Number:  6187083
David F. Fanning, Bar Number:  6274895
Johnson & Bell, Ltd.
33 West Monroe Street, Suite 2700
Chicago, IL 60603
Telephone:  (312) 984-0244
Fax:  (312) 372-9818
E-mail:  morrisp@jbltd.com
E-mail:  fanning@jbltd.com

William L. Anderson
Andrew D. Kaplan
Crowell & Moring LLP
1001 Pennsylvania Avenue, N.W.
Washington, DC  20004-2595
Telephone: (202) 624-2500
Fax: (202) 628-5116
E-mail: wanderson@crowell.com
E-mail: akaplan@crowell.com

*Attorneys for Plaintiffs Ferguson Enterprises, Inc.*
*and Cardinal Logistics*

**MILLER WEISBROD, LLP**
11551 Forest Central Drive
Forest Central II, Suite 300
P. O. Box 821329 (75382)
Dallas, Texas 75243
Telephone: (214) 987-0005
Fax: (214) 987-2545
**CLAY MILLER**
Texas State Bar No. 00791266
E-mail: cmiller@millerweisbrod.com
**WARREN M. ARMSTRONG**
Texas State Bar No. 24044432
E-mail: warmstrong@millerweisbrod.com

*Attorneys for Plaintiffs Floy Blinsky Trucking, Inc.,*
*All Freight Systems, Inc., Adrian Trucking, Inc.*
*and Great Plains Trucking, Inc.*

**David R. Bookchin, Esq.**
Bookchin & Durrell, PC
2 Spring Street
Montpelier, VT 05660
Telephone: (802) 229-9829
E-mail: dbookchin@lawofficevt.com

*Attorney for Plaintiff Duffy's Waste and Recycling,*
*Inc.*