**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re Navistar MaxxForce Engines Marketing, Sales Practices and Products Liability Litigation | ) ) ) ) ) ) | Case No. 1:14-cv-10318<br><br>This filing applies to:<br>All Class Cases<br><br>Judge Joan B. Gottschall |

**PRETRIAL ORDER NO. 13 / CASE MANAGEMENT ORDER NO. 4**

The parties to this multi-district litigation are in the midst of discovery in preparation for filing anticipated motions to certify one or more classes under Federal Rule of Civil Procedure 23. As amended October 5, 2017, the scheduling order sets a deadline for filing motions for class certification and a briefing schedule on those motions. *See* ECF No. 301 at 1 (Oct. 5, 2017). Motions to certify must be filed by March 29, 2018, and replies will be due July 31, 2018. *Id.*

But expert discovery on class certification issues will not be done by that date. Instead, the scheduling order calls for plaintiffs to furnish expert reports by the same day certification motions are due. *See id.*; *see also* Fed. R. Civ. P. 26(a)(2). Expert discovery continues through the briefing of motions to certify. Defendants will furnish their expert reports by no later than their deadline to respond to any certification motions. *See* ECF No. 301 at 1. They may also file separate motions to exclude any expert designated by plaintiffs' under Federal Rule of Evidence 702 and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), by that date, but no briefing schedule has been set for *Daubert* motions. *See id.* And plaintiffs can file their own *Daubert* motions as late as their deadline to file a reply to motions for class certification, July 31, 2018. *See id.* Expert discovery can continue for an additional month, however, until August 30, 2018. *See id.* It is hard to see how a *Daubert* motion filed July 31, 2018, could be fully briefed

until at least a week or two after the end of August 2018, given that additional time will be needed for transcripts to be prepared. This leaves the whole menagerie of certification and *Daubert* motions, which as explained below, are likely to be intertwined and critical, to potentially not be fully briefed until sometime in September 2018, and the schedule makes no provision for a hearing on the *Daubert* issues if one is required.

The court expressed concerns about this plan in its order entered October 13, 2017 ("PTO11") and gave the parties a chance to respond:

> "[W]henever an expert's report or testimony is critical to a class certification decision, a district court must rule conclusively on a challenge to the expert's qualifications or opinions before ruling on class certification, without regard to whether the district court ultimately grants or denies that motion." *Messner v. Northshore Univ. HealthSystem*, 669 F.3d 802, 813 (7th Cir. 2012) (citing *Am. Honda Motor Co. v. Allen*, 600 F.3d 813, 815–16 (7th Cir. 2010)). Under the current schedule, Navistar apparently plans to depose the plaintiffs' experts after the plaintiffs' motion for class certification is filed. *See* Order 1, Oct. 5, 2017, ECF No. 301. This may create a sequencing problem with parties briefing certification issues without knowing whether particular expert testimony will be admissible. A hearing may also be necessary to resolve any outstanding *Daubert* issues. If that is so, the hearing could stall or complicate certification briefing. The court therefore directs the parties to confer regarding these issues and file a joint status report consisting of no more than three pages setting forth their positions on how, if at all, the scheduling order should be modified to address these concerns.

ECF No. 308 at 7.

The parties' joint response does little to allay these worries. See ECF No. 329 at 2. The parties state that they agree that the schedule presently in effect will not be problematic because the court can rule on the *Daubert* issues and class certification at the same time. *See id.* They do not explain why. And they do not challenge the court's surmise that expert issues will be critical to resolving any certification motions. *See id.* Quite the contrary. The parties reserve the right to ask the court to resolve expert issues before ruling on certification. *Id.* at 2 n.1. Given the

nature of the claims and defenses, the reservation of the right to request serial resolution of expert and certification issues, and the likely certification issues previewed in the briefing to date, the court treats this case as though expert evidence will be critical to class certification and hotly contested.

Assuming without deciding that the current schedule is consistent with *Messner*, *supra*, the schedule seems clunky and potentially wasteful. Discovery helps the parties understand and test the facts, it usually comes before a dispositive motion, and it always precedes trial at which the facts are found. *See Almy v. Kickert Sch. Bus Line, Inc.*, No. 08 C 2902, 2011 WL 1457459, at *3 (N.D. Ill. Apr. 15, 2011) (reasoning that preventing a plaintiff from "unleash[ing] for the first time at the summary judgment stage or at trial Plaintiff's version of . . . facts" is a proper sanction for refusing to allow discovery to test those facts). Indeed, the Federal Rules of Civil Procedure have explicit mechanisms for postponing a decision on a dispositive motion to allow time for adequate discovery. *See* Fed. R. Civ. P. 12(d), 56(d). Discovery serves many purposes, including, as the Seventh Circuit succinctly put it before the adoption of the Federal Rules of Civil Procedure, "prevent[ing] clumsy or wasteful litigation." *Indianapolis Amusement Co. v. Metro-Goldwyn-Mayer Distrib. Corp.*, 90 F.2d 732, 734–35 (7th Cir. 1937). Simultaneous expert discovery and certification briefing strikes the court as potentially wasteful and clumsy. Both sides will argue certification without knowing what expert opinions are admissible, complicating what may be an already complicated process. If the parties request, as they reserve the right to do, that the court resolve certain expert issues before ruling on class certification, briefing on class certification will likely grind to a halt while the admissibility of expert opinions is litigated. That would protract class certification for months, putting the parties and the court in a compromising position. Suppose certification briefing stops, and the court holds a hearing and

resolves *Daubert* issues. That will take time; the *Daubert* motions will be filed two months apart under the current plan. ECF No. 301 at 1. And the court may need to hold a hearing and write an opinion before certification briefing can go further. Yet any motion to certify filed by March 29, 2018, must be resolved by September 30, 2018, under the timetable envisioned by Congress in the Civil Justice Reform Act of 1990, 28 U.S.C. §§ 471–82. *See Smith v. Specified Credit Ass'n, Inc.*, No. 14 C 06496, 2015 WL 468871, at *2 n.2 (N.D. Ill. Jan. 30, 2015) (discussing the Act and the use of agreements by parties in this district to prevent certification motions from remaining pending and becoming reportable); *Flomo v. Bridgestone Ams. Holding, Inc.*, No. 1:06-cv-00627-JMS-TAB, 2010 WL 2607221, at *1 (S.D. Ind. June 15, 2010) (factoring timing of trial envisioned by the Act); *Hare v. Custable*, No. 07-CV-3742, 2008 WL 1995062, at *2 (N.D. Ill. May 6, 2008) (citing the Act to demonstrate that "[t]he public has an interest in the prompt disposition of civil litigation"); *Asch v. Teller, Levit & Silvertrust, P.C.*, 200 F.R.D. 399, 400–01 (N.D. Ill. 2000) (Gottschall, J.) (discussing the tension between the need to take discovery before resolving a motion to certify and the pressure the Act applies to decide motions within six months). Additionally, developing and testing the facts critical to certification, including expert opinions, through discovery before motions to certify are filed will sharpen the focus of the certification and *Daubert* briefing.

For these reasons, the court determines that fact and expert discovery on class certification should close before motions to certify are filed. The court proposes the following schedule:

| | |
|---|---|
| 3/13/18 | Date by which to complete fact discovery relevant to class certification |
| 4/12/18 | Depositions of Plaintiffs' class expert witnesses |
| 6/11/18 | Depositions of Defendants' class expert witnesses |

| | |
|---|---|
| 8/10/18 | Depositions of Plaintiffs' class rebuttal experts |
| 9/10/18 | Deadline to file any *Daubert* motions |
| 10/8/18 | Responses to any *Daubert* motions |
| 10/22/18 | Replies to any *Daubert* motions |
| 11/13/18 | Tentative date for any *Daubert* hearings |
| TBD | Plaintiffs' motion for class certification due within 28 days of the court's ruling on *Daubert* motions |

A status conference to discuss this proposed schedule is set for November 17, 2017 at 9:30 a.m. If the parties agree to this proposed schedule, they do not need to appear on November 17, 2017, and this schedule will be adopted.

Date: November 14, 2017

/s/
Joan B. Gottschall
United States District Judge