UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re Navistar MaxxForce Engines Marketing, Sales Practices, and Products Liability Litigation | ) ) ) | Case No. 14-cv-10318  Judge Joan B. Gottschall |

## PRETRIAL ORDER NO. 16

Discovery on class action issues has been ongoing in this multi-district litigation ("MDL") for more than two years. Plaintiffs generally allege that engines in model year 2010–13 trucks sold by defendants Navistar, Inc. and Navistar International, Inc. (collectively "Navistar") are defective. The close of class discovery in March 2018 looms, and motions for class certification must be filed by April 2, 2018. *See* ECF No. 357 at 1–2. In October 2017, plaintiffs filed a motion seeking leave to file a proposed second amended consolidated class action complaint ("SAC") and a separate, but consistent, motion to dismiss voluntarily fifteen plaintiffs named in the live complaint. For the following reasons, the court grants both motions.

### I. MOTION FOR LEAVE TO AMEND

In their response to the instant motion for leave to amend, defendants said that they did not oppose the motion "per se" but asked the court to impose three conditions. Resp. 2, 14, ECF No. 339. The parties sought and obtained two extensions of the motion's reply deadline to give them time to confer. *See* Unopposed Mots. Extension, ECF Nos. 343, 358. Their efforts to narrow the issues culminated in an eleven-paragraph stipulation concerning the matters raised in the motion filed December 22, 2017, ECF No. 367.

A complaint may always be amended before trial "with the opposing party's written consent." Fed. R. Civ. P. 15(a)(2); *Am. Nurses' Ass'n v. Illinois*, 783 F.2d 716, 717 (7th Cir. 1986). The stipulation either resolves or moots all but one of the issues raised in the pending motion for leave as follows:

- Defendant's request that plaintiffs be required to amend the complaints in the underlying actions to conform them to the proposed SAC. Resp. 2–8, ECF No. 339.
    - "The parties agree that the SAC shall be the pleading to which all motion practice, discovery, and other activity is directed for Plaintiffs' claims in the MDL. The parties further agree that the SAC shall amend the underlying complaints such that in the event of remand by the Judicial Panel on Multidistrict Litigation to the transferor court, only the allegations and causes of actions asserted in the SAC would be deemed actionable in the transferor court. Nothing in this Stipulation is intended to prevent any plaintiff from seeking leave of the transferor court upon remand to file an amended complaint, and Defendants reserve all rights to oppose any such motion. Nothing in this Stipulation should be construed as consent to jurisdiction or trial in this Court or as a waiver of the issues raised in *Lexecon v. Milberg*, 523 U.S. 26, 36-37 (1998). This Stipulation also does not operate to designate any case a "lead" or "bellwether" case and should not be construed as such." Stipulation ¶ 9, ECF No. 367 (footnote relocated to text).
- Defendant's related contention that the proposed new plaintiffs must be added to at least one underlying action, not just included in the consolidated complaint.
    - The parties agree that the proposed new plaintiffs will be added to the underlying action as follows: Plaintiff Two Star Trucking, Inc. is filing an action in the United States District Court for the Central District of California, and Plaintiffs will immediately notify the Judicial Panel on Multidistrict Litigation of the tag-along status of the action. Plaintiffs anticipate that it will be transferred to this Court soon. Accordingly, they will include allegations concerning Two Star

2

Trucking, Inc. in the Second Amended Complaint; b. Plaintiffs GT Expedited, Inc.; Go To Logistics, Inc.; and ToGo Express, Inc. are deemed to have joined *Par 4 Transport LLC v. Navistar, Inc.* action, No. 14-cv-05151 (N.D. Ill.) ("*Par 4* Action"); c. Plaintiff Charles Keplinger is deemed to have joined *G&G Specialized Carriers LLC v. Navistar, Inc.*, No. 14-cv-01057-CNC (E.D. Wis.); and d. Plaintiff Stephen Slough is deemed to have joined *Southern California Moving, Inc. v. Navistar International Corp., et al.*, No. 15-cv-00008 (S.D. Tex.)." Stipulation ¶ 10 (footnote omitted).

- Defendant's' argument that the proposed new class definitions do not give fair notice of the proposed class because they do not make clear which trucks and engines are included. Resp. 10–12.
  - "The Class Definition shall include only those 11 and 13 liter engines in class 8 trucks that are Prostar, Lonestar, and Transtar models." Stipulation ¶ 11.

The proposed SAC drops some parties and adds others. If filed and consistent with the December 22, 2017, stipulation, it will leave some member cases without a plaintiff, according to a table in the stipulation. *See* ECF No. 367 at 2–5. The cases without a plaintiff will be Nos. 14-CV-1914 (plaintiff Randy Klinger to be dismissed) and 14-CV-7602 (Antioch Building Materials Co. and Sloan Transport, Inc.). *See id.* The parties should be prepared at the next status conference to address what should happen to those member cases.

## II. MOTION FOR VOLUNTARY DISMISSAL

One issue remains contested: the motion of fifteen presently named plaintiffs, who until the motion claimed they would represent the proposed classes, to dismiss their claims voluntarily

without prejudice and participate as absent members of any certified classes.[1] Mot. Voluntary Dismissal, ECF No. 312; *see also* Stipulation ¶ 5, ECF No. 367 (stating the stipulation does not affect the motion for voluntary dismissal). The motion for voluntary dismissal is of a piece with the motion to amend. Other currently named plaintiffs and six new ones have come forward to substitute as putative class representatives for the proposed classes in the SAC. Mot. Voluntary Dismissal 1.

"Substitution of unnamed class members for named plaintiffs who fall out of the case because of settlement or other reasons is a common and normally an unexceptionable ('routine') feature of class action litigation . . . in the federal courts. . . ." *Phillips v. Ford Motor Co.*, 435 F.3d 785, 787 (7th Cir. 2006) (citations omitted). Defendants here do not object to the proposed substitution, but they ask the court to impose a condition, namely that the proposed dismissed plaintiffs be required to respond to their outstanding discovery requests, including requests to take depositions. Resp. to Mot. Voluntary Dismissal 1, ECF No. 338. Defendants made some of their discovery requests more than a year ago, and they sent notices of deposition five months before the filing of the motion for voluntary dismissal. *See* Decl. of Robin Hulshizer ¶¶ 3, 9, 22–25, ECF No. 338, Ex. B; *id.* Ex. C, E, I, K (discovery requests).

The parties analyze this issue under Federal Rule of Civil Procedure 41(a)(2). That rule allows an action to be dismissed voluntarily "only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). Rule 41(a)(2) grants "broad discretion," *Mother v. Cassidy*, 338 F.3d 704, 709 (7th Cir. 2003) (citations omitted) to decide whether to grant a voluntary dismissal and, if so, on what terms and conditions, *Wells Fargo Bank, N.A. v. Younan*

---

[1] The plaintiffs moving to dismiss voluntarily are: Southern California Moving, Inc.; Antioch Building Materials, Co.; Sloan Transport, Inc.; Trans Ex Enterprise, Inc.; William Wardlaw; Windy Hill Inc.; Kenneth Reul; Cape Fear Carriers & Transport, Inc.; Cape Fear Commercial Lawn Service & Landscaping; Richard Bellerud Trucking, Inc.; Randy Klinger; Reber Trucking Inc.; Airborne Investments LLC; Denis Gray Trucking, Inc.; and Par 4 Transport, LLP (collective "proposed dismissed plaintiffs"). ECF No. 312 at 1.

4

*Props., Inc.*, 737 F.3d 465, 467–68 (7th Cir. 2013) (discussing standard of review for decisions to impose conditions on voluntary dismissals); *Wojtas v. Capital Guardian Trust Co.*, 477 F.3d 924, 927 (explaining that under *Adney v. Miss. Lime Co. of Mo.*, 241 F.2d 43, 45–46 (7th Cir. 1957), both questions, not just the second, fall within the district court's discretion). Nevertheless, Rule 41(a)(2)'s grant of discretion does not extend to approving a voluntary dismissal that would legally prejudice the opposing party without protective terms and conditions. *Wojtas*, 477 F.3d at 927 (explaining that district courts cannot permit voluntary dismissal if the defendant would suffer "plain legal prejudice" (quoting *United States v. Outboard Marine Corp.*, 789 F.2d 497, 502 (7th Cir. 1986)) (other citation omitted)); *Mother*, 338 F.3d at 709 ("The one exception to this broad grant of discretion that has often been recognized is the situation in which the party opposing dismissal would be prejudiced by the proposed condition." (citation omitted)); *see also Wells Fargo*, 737 F.3d at 467–68 (discussing breadth of discretion and governing principles). Furthermore, the Seventh Circuit has stated more than once that terms and conditions must bear some relationship to the litigation and the legitimate purpose the term or condition is designed to accomplish. *See Wells Fargo*, 737 F.3d at 767 (reasoning that discretionary decision must be "guided by sound legal principles" (quoting *Albemarle Paper Co. v. Moody*, 422 U.S. 405, 416 (1975))); *Mother*, 338 F.3d at 709 (remarking that a condition that is "utterly unrelated to the litigation" would likely be reversed for abuse of discretion).

When a plaintiff seeks to bow out as a proposed class representative, voluntary dismissal can be properly conditioned on the plaintiff's responding to outstanding discovery requests. *See, e.g., Young v. LG Chem. Ltd.*, No. 13-md-02420-YGR(DMR), 2015 WL 8269448, at *5 (N.D. Cal. Dec. 9, 2015) (allowing some discovery from departing putative class representatives); *In re Vitamins Antitrust Litig.*, 198 F.R.D. 296, 303–06 (D.D.C. 2000) (requiring formerly named

5

plaintiffs to respond to all outstanding discovery requests); *Feldman v. Motorola, Inc.*, No. 90 C 5887, 1992 WL 415382, at *5–7 (N.D. Ill. Nov. 5, 1992) (Gottschall, J.) (determining that requiring discovery compliance was not warranted on the case's facts). Courts considering Rule 41(a)(2) motions have sometimes utilized the analytical framework for requests to take discovery from absent class members. *E.g., Young*, 2015 WL 8269448, at *6, *Feldman*, 1992 WL 415382, at *6. Under this standard, "[t]he taking of depositions of absent class members is—as is true of written interrogatories—appropriate in special circumstances." *Clark v. Universal Builders, Inc.*, 501 F.2d 324, 341 (7th Cir. 1974); *see also Brennan v. Midwestern United Life Ins. Co.*, 450 F.2d 999, 1004 (7th Cir. 1971). Other courts see requests to require discovery compliance as a Rule 41(a)(2) problem, asking whether the condition is a proper means of eliminating the danger of prejudice from bad faith voluntary dismissals. *See In re Wellbutrin XL Antitrust Litig.*, 268 F.R.D. 539, 543–44 (E.D. Pa. 2010) (citing *In re Vitamins* and ordering production of discovery where party sought voluntary dismissal to avoid producing information on market size, in antitrust suit, that could not be readily obtained from other sources); *In re Vitamins*, 198 F.R.D. at 305 (citing *Eaddy v. Little*, 234 F. Supp. 377, 380 (E.D.S.C. 1964)) (ordering responses to all outstanding discovery requests "for protection of defendants" after finding that plaintiffs voluntarily dismissed to avoid discovery obligations). Defendants make much of this distinction in their briefing, and an examination of the cases cited reveals that the analogy to the *Clark* and *Brennan*, *supra*, standard for discovery from absent class members helps to keep possible issues unique to discovery from potential class members in focus. One such issue is the possibility of confusing a nonparticipating class member who has received notice of the suit or using discovery to deter potential plaintiffs from participating. *See Brennan*, 450 F.2d at 1005 (explaining that discovery can be allowed if "necessary or helpful to the proper presentation and correct

6

adjudication of the principal suit" and "adequate precautionary measures are taken to insure that the absent member is not misled or confused"). But a single-minded focus on the standard would elide two concerns reflected in the case law unique to a voluntary dismissal before certification. First, when a potential class representative drops out before certification, questions of whether that plaintiff satisfies the requirements of Rule 23(a), such as adequacy, become moot, so if the plaintiff is allowed to withdraw, some other justification for discovery from the plaintiff on those issues must exist. *See Young*, 2015 WL 8269448, at \*6 (citing *In re Urethane Antitrust DJW Litig.*, No. 04-MD-1616-JWL-DJW, 2006 WL 8096533, at \*2 n.11 (June 9, 2006)) (rejecting defendants' argument that discovery should be permitted on matters relevant to whether withdrawing plaintiff was adequate class representative). Second, unlike the passive class member who has been notified that a class has been certified, a named plaintiff moving for voluntary dismissal has already injected itself into the litigation, making confusion less likely. *See Collier v. BrightPoint, Inc.*, No. 1:12-cv-1016-TWP-DKL, 2013 WL 652448, at \*3 (S.D. Ind. Feb. 21, 2013) (holding that individual should not be treated as absent class member for discovery purposes because he "actively inject[ed] himself into the proceeding, by way of his pending motion to intervene, and petition for a substantial award in attorney fees"); *In re FedEx Ground Package Sys. Emp't Practices Litig.*, No. 3:05MD527 RM, 2007 WL 733753, at \*7–8 (N.D. Ind. Mar. 5, 2007) (finding party who was named plaintiff when discovery closed was situated differently from those who were not and ordering that party to sit for a deposition because he injected himself into the litigation as a named plaintiff). In the end, the focus under Rule 41(a)(2) must remain on whether the defendants will suffer prejudice and, if so, what terms and conditions will cure it.

7

Defendants submit that because the proposed dismissed plaintiffs have (as defendants' see things) dragged their feet for so long, they should be required to respond to the outstanding discovery requests for equitable reasons. Resp. 12–15, ECF No. 338. The proposed dismissed plaintiffs make their desire to avoid responding to outstanding discovery clear. They state in their motion for voluntary dismissal that "[t]he increasing time commitment required in this lawsuit has, unfortunately, resulted in the Proposed Dismissed Plaintiffs no longer wishing (or being able to) participate in the class action as named Plaintiffs." ECF No. 312 at 2. They add that they are "small business owners or individuals who are trying to make a living through the trucking industry." *Id.* Defendants challenge the factual basis of some of these representations. For instance, they tender evidence that at least one plaintiff has a fleet of thirty trucks. *See* Resp. Ex. N, ECF No. 338 (DOT records for Richard Bellerud Trucking). Defendants also assert that proposed dismissed plaintiffs' statements about the burdens of discovery are inconsistent with their prior statements and too general. Proposed dismissed plaintiffs offer in their reply to explain their reasons in more detail to the court in chambers. ECF No. 346 at 8. The court thinks this unnecessary because defendants do not oppose dismissal (they only seek the imposition of conditions) and because the more specific reasons would necessarily embrace the general statements that the proposed dismissed plaintiffs wish to avoid discovery burdens they perceive to be too onerous.

While proposed dismissed plaintiffs transparently desire to avoid discovery, imposing a condition on dismissal cannot be justified by their motives alone. *In re Vitamins*, *supra*, on which defendants rely, makes the point. The court there found the timing of certain plaintiffs' motion for voluntary dismissal "to be highly questionable." 198 F.R.D. at 304. It found it "fairly obvious that these plaintiffs wish to dismiss their actions merely to avoid having to give

defendants . . . discovery" recently authorized by a special master. *Id.* But, added the court, "although the timing of plaintiffs' Motion does appear suspect, this alone would not warrant a denial of their Motion; the Court must also determine whether defendants would suffer legal prejudice by a voluntary dismissal of certain class plaintiffs at this time." *Id.* (citing *Eaddy*, 234 F. Supp. at 379). This approach accords with the analysis and tenor of the Seventh Circuit cases discussing the limits on discretion under Rule 41(a)(2)—the rule allows a "district court, in its discretion, [to impose terms and conditions it] deems necessary *to offset the possible prejudice* defendant may otherwise suffer from plaintiff dismissing his complaint without prejudice." *Marlow v. Winston & Strawn*, 19 F.3d 300, 303 (7th Cir. 1994) (emphasis added) (collecting authority). Defendant's frustration with the proposed dismissed plaintiffs' apparent desire to avoid discovery that has been outstanding for as much as a year may be frustrating, but defendants must still experience cognizable legal prejudice, not just frustration, that will be ameliorated by requiring responses to proposed outstanding discovery. *See id.*; *In re Vitamins*, 198 F.R.D. at 304; *Feldman*, 1992 WL 415382, at *6 (allowing voluntary dismissal because "[w]hile defendants are understandably skeptical about the motivations of named plaintiffs who seemingly seek to abdicate their responsibilities as class representatives in order to avoid discovery orders, discovery in this case has not apparently advanced very far").

Defendants have not persuaded the court that legal prejudice warrants a conditional dismissal. Although discovery has been ongoing for over two years, the parties acknowledge that much needs to be done in the next two months, including the taking of dozens of depositions, before class certification motions are filed in early April 2018. *See* Status Report 1–4, ECF No. 361. Defendants contend that the discovery so far and public records lead them to believe that several proposed dismissed plaintiffs possess discoverable information about

"specific individualized issues that will uniquely demonstrate why class certification is improper." Resp. 8, ECF No. 338. Defendants point to the following issues as examples: two plaintiffs perform at least some maintenance of trucks in a bay near a cement factory that produces dust likely to affect engines; two trucks owned by Richard Bellerud allegedly have a maintenance record that tends, according to defendants, to undercut the assertion that there is a uniform defect; Dennis Gray Trucking hauls wide loads, which defendants contend is atypical of potential class members; one plaintiff purchased a truck under a contract with an "as is" clause, raising uniformity questions; and defendants do not know what Trans Ex Enterprise did with thirteen of the sixteen trucks it purchased. *Id.* at 8–10 (citations omitted). Defendants seem to be able to articulate class certification arguments based on the information they have, for they tie all but the last of these issues to case law they believe militates against certification. *See id.* at 10–11 (citing *Cox House Moving, Inc. v. Ford Motor Co.*, No. 7:06-1218-HMH, 2006 WL 3230757, at *5 (D.S.C. Nov. 6, 2006) and *In re Ford Motor Co. Vehicle Paint Litig.*, 182 F.R.D. 214, 220 (E.D. La. 1998)). Defendants do not explain, beyond conclusory assertions, why they need more information to make their certification arguments. And they do not elaborate on how learning more about a specific purchase contract, maintenance history, or the sale of certain trucks will further illuminate matters relevant to certification such as how typical those circumstances are among other potential class members. *See id.* In short, defendants have not demonstrated that, now that new plaintiffs will be stepping in to represent the putative classes, defendants will be prejudiced at the certification stage without the proposed dismissed plaintiffs' responses to the outstanding discovery requests.[2] *See Feldman*, 1992 WL 415382, at *7 (declining to permit

---

[2] The court's discretionary finding that voluntary dismissal should be unconditional should not be mistaken for an order precluding propounding discovery to the proposed dismissed plaintiffs, who have not moved for a protective order under Rule 26 or 45. *See* Fed. R. Civ. P. 26(c); 45(d). At least one judge of this court has concluded that discovery directed to nonparties who may fall within the class should be analyzed as third-party discovery requests

10

depositions of individuals because defendants had everything they needed to address Rule 23 adequacy issues); Fed. R. Civ. P. 26(b)(1).

### III. CONCLUSION

For the reason stated, Plaintiffs' motion to file their proposed SAC, ECF No. 313, is granted in part and denied in part as moot in light of defendants' stipulation to amending portions of it. Proposed dismissed plaintiffs' motion for voluntary dismissal, ECF No. 312, is granted. Plaintiffs must modify the SAC to conform the class definitions to paragraph eleven of the stipulation, ECF No. 367. The modified SAC should be filed separately on the docket on or before January 9, 2018. Also, once the second amended complaint is filed, the clerk is directed to update the docket sheets of the underlying actions to reflect the addition of the plaintiffs listed in paragraph ten of the stipulation filed December 22, 2017, ECF No. 367. Finally, the court reiterates that the parties should be prepared at the next status conference to address what will happen to the member cases in which no named plaintiff remains.

Date:   January 4, 2018                             /s/
                                            Joan B. Gottschall
                                            United States District Judge

---

before certification. *In re Aftermarket Filters*, No. 08 C 4883, 2010 WL 3909502, at *1 (N.D. Ill. Oct. 1, 2010) (acknowledging that court can regulate communications with putative class members before certification and concluding that "the subpoena recipients are not actually 'class members' because no class has yet been certified[, t]he subpoena recipients are more accurately characterized as *putative* class members"). The court intimates no view on the issue.