# **EXHIBIT E**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| *In re Navistar MaxxForce Engines Marketing, Sales Practices and Products Liability Litigation* | Case No. 1:14-cv-10318<br><br>District Judge: Joan B. Gottschall<br><br>Magistrate Judge: Michael T. Mason |

### PLAINTIFFS' FIRST SET OF INTERROGATORIES

Plaintiffs hereby request that Defendants Navistar, Inc. and Navistar International Corp. (collectively, "Defendants" or "Navistar") answer in writing and under oath the following interrogatory within 30 days of service.

### INSTRUCTIONS

1. You are required to make a separate and complete response to each interrogatory and to each subdivision of any interrogatory having more than one party.

2. This First Set of Interrogatories requires You to provide responsive information "available" to You as defined by Rule 33 of the Federal Rules of Civil Procedure.

3. If You cannot answer any interrogatory fully and completely after exercising due diligence to make inquiries to secure the requested information, You must still answer each such interrogatory to the fullest extent possible. You should also state that you cannot answer the interrogatory fully and completely, specify the portion of such interrogatory that You contend You are unable to answer fully and completely, and the facts on which You rely to support said contention.

4. Each interrogatory should be read so as not to seek information subject to a privilege from discovery. To the extent that an interrogatory calls for the disclosure of

1368470.3

information subject to a privilege from discovery, the written response to that interrogatory should so indicate and should disclose the balance of the information not subject to a claim of privilege that falls within the scope of the interrogatory. Similarly, if a portion of any Document responsive to these Interrogatories is withheld under claim of privilege, any non-privileged portion of such Document must be produced with the portion claimed to be privileged redacted.

     5.     In accordance with Rule 26(b)(5) of the Federal Rules of Civil Procedure, if You withhold any requested information on grounds of privilege, trial preparation material, or otherwise:

     a.     Identify the nature of the privilege which is being claimed and, if the privilege is not governed by federal law, indicate the source of law (e.g., a specific state) for the privilege rule being invoked; and

     b.     Provide the following information, unless such information would cause disclosure of the allegedly privileged information:

     i.     Which privilege is claimed;

     ii.     Who is asserting the privilege;

     iii.     A precise statement of the facts upon which said claim of privilege is based;

     iv.     If the privilege involves any Document, describe each purportedly privileged Document by providing:

     a.     A brief description sufficient to identify its nature (i.e., agreement, letter, memorandum, email, etc.);A brief description sufficient to identify its subject matter and purpose of the Document;

     b.     The date it was prepared;

    c.  The date it bears;

    d.  The date it was sent;

    e.  The date it was received;

    f.  The identity of the Person preparing it;

    g.  The identity of the Person sending it;

    h.  The identity of each Person to whom it was sent or was to have been sent, including all addresses and all recipients of copies;

    i.  A statement as to whom each identified Person represented or purported to represent at all relevant times;

    j.  The identities of all Persons to whom its contents have been disclosed;

    k.  A precise description of the place where each copy of that Document is kept, including the title or description of the file in which said Document may be found and the location of such file; and

    l.  Whether the Document has been the subject of an objection to production on the grounds of privilege in any other action or proceeding, and if so, state the privilege asserted, whether the privilege objection was subject to a resolution by any tribunal, and the resolution reached, if applicable.

    v.  If the privilege involves an oral communication, describe each purportedly privileged communication by providing:

    a.  the name of the Person making the communication and the names of Persons present while the communication was made and, where not apparent, the relationship of the Persons present to the person making the communication;

- 3 -

    b.  the date and place of the communication; and

    c.  the general subject matter of the communication.

  6. You are to produce any Document in its entirety, without deletion or excision (except as qualified above), regardless of whether You consider the entire Document to be relevant or responsive to these Interrogatories. Whenever a Document is not produced in full or is produced in redacted form, so indicate on the Document and state with particularity the reason or reasons it is not being produced in full, and describe to the best of Your knowledge, information and belief, and with as much particularity as possible, those portions of the Document which are not being produced.

  7. These requests are continuing in nature so as to require supplemental responses if You or any Person acting on Your behalf obtains additional information called for by this request. Each supplemental response shall be served on Plaintiffs no later than thirty (30) days after the discovery of further information, but no later than fourteen (14) days prior to the close of discovery.

  8. Responsive information must be furnished in writing at the time of the response to these Interrogatories, unless otherwise ordered by the Court or agreed upon with Plaintiffs' counsel.

  9. To avoid ambiguity when construing these interrogatories, please note:

  a. The singular form of a noun or pronoun includes its plural form, and vice versa. The use of any masculine or feminine pronoun includes both the feminine and the masculine.

- 4 -

b. The use of a verb tense in any tense is to be construed as the use of the verb in all other tenses, whenever necessary to being into scope of the specification all responses that might otherwise be construed to fall outside the scope.

c. "And" and "or" are terms of inclusion and not of exclusion, and shall be construed either disjunctively or conjunctively as necessary to bring within scope any answer that might otherwise be construed to be outside its scope.

d. The word "privilege" encompasses the attorney work-product doctrine.

10. Unless otherwise specified below, the time period applicable to these requests is limited to January 1, 2009 to the present.

## DEFINITIONS

1. "2010 EPA Standards" means the EPA emissions standards for heavy-duty highway engines and vehicles, set forth in E.P.A. Final Rule, 66 Fed. Reg. 5002 (Jan. 18, 2001) (codified at 40 C.F.R. pts. 69, 80, and 86).

2. "Agreement" means any contract, arrangement, or understanding, formal or informal, oral or written, together with all modifications or amendments thereto.

3. "All" or "any" means each and every.

4. "Communicate" means to exchange, transfer, or disseminate information, regardless of the means by which it is accomplished.

5. "Communication" means the transmission of information, in the form of facts, ideas, inquiries, or Documents.

6. "Complaint" means the First Amended Consolidated Class Action Complaint filed in the Action (Dkt. 133).

7. "Dealer Network" or "Navistar Network" mean the nationwide network of authorized dealers, distributors, service centers, repair facilities and certified repair technicians,

both collectively and individually, used by Navistar to sell, service and repair the Trucks and/or the MaxxForce Engines.

8. "Document" includes any ESI and is otherwise synonymous to the term "document" in Federal Rule of Civil Procedure 34.

9. "EGR" means "Exhaust Gas Recirculation," a technology that recirculates a portion of an engine's exhaust gas back to the engine cylinders.

10. "EGR Only" and "EGR Only System" mean the emissions technology utilized in MaxxForce Engines. In particular, this refers to the emissions technology that diverts exhaust into an EGR cooler, where engine coolant is used to lower the exhaust temperature before the exhaust is fed back into the engine's air intake through EGR valves.

11. "Engine Options" means the advertised horsepower, rated speed, torque, and governed RPM of the Engines.

12. "Engine Changes" means all "post-launch continuous improvement efforts" and Authorized Field Campaigns or Authorized Field Changes (collectively, "AFC") that resulted in the implementation of design change(s) to the Engines or to their electronic control module. (For instance, and without limiting the generality of this definition, the introduction of a "pig tail" air control valve connection on certain model year 2013 Engines).

13. "ESI" means electronically stored information, as that phrase is used in Federal Rule of Civil Procedure 34.

14. "EPA" means the United States Environmental Protection Agency.

15. "Identify" or "Describe" means to state:

    a. In the case of a communication: its date, type (e.g., telephone conversation, letter, or meeting), the place where it occurred, the identity of the person(s) who

made the communication, the identity of each person who received the communication or who was present when it was made, and the subject matter discussed;

      b.     In the case of a contract provision: the paragraph number of the provision in the contract and the number of the page or pages on which the provision appears, as well as the name of each entity in whose contract the provision appears;

      c.     In the case of a concept or idea: a description of Your understanding of the concept or idea;

      d.     In the case of a Document: the name of the Document, the author of the Document, all persons shown on the Document as a recipient, or carbon copy or blind copy recipient, and all other persons known to have received all or any part of the Document, the date, the Bates numbers assigned to the Document in any and all litigations, and the Exhibit number assigned to the Document, as a deposition or trial exhibit in any and all litigations.

      e.     In the case of a natural Person who is Your current employee: his or her name, title, business address, business e-mail address, and business telephone number;

      f.     In the case of a natural Person who is Your former employee: his or her name, last title held at Navistar, last known business address, last known business telephone number, last known residential address, and last known residential telephone number, as well as any known e-mail addresses;

      g.     In the case of a natural Person who is neither Your present nor former employee: the person's name, title, last known business address, last known business telephone number, last known residential address, and last known residential telephone number, as well as any known e-mail addresses;

        h.      In the case of a Person other than a natural Person: its name, the address of its principal place of business, its telephone number, the name of its chief executive officer, president or other most senior decision-maker, and, if applicable, the natural person who is Your primary contact at that entity.

16.    "MaxxForce Engines" and "Engines" mean the 2010-2013 model year MaxxForce 11, 13, or 15 Advanced EGR diesel engines manufactured by Navistar for sale in the United States.

17.    "Maintenance Information Guide" means Navistar's Maintenance Information Guide, an exemplar of which is attached as Exhibit C to the Consolidated Complaint in this matter, including, without limitation, any prior or subsequent versions of this exemplar.

18.    "NAV" means Navistar, Inc. and its respective parent companies, subsidiaries, divisions, subdivisions, practice groups, departments, affiliates, predecessors, successors, joint ventures, present and former officers, directors, partners, principals, employees, representatives, agents, attorneys, advisors, and all other individuals acting or purporting to act on its behalf.

19.    "NIC" means Navistar International Corporation and its respective parent companies, subsidiaries, divisions, subdivisions, practice groups, departments, affiliates, predecessors, successors, joint ventures, present and former officers, directors, partners, principals, employees, representatives, agents, attorneys, advisors, and all other individuals acting or purporting to act on its behalf.

20.    "Navistar" means NAV and NIC, collectively.

21.    "Navistar Financial" means Navistar Financial Corporation, a subsidiary of Navistar, Inc., which provides financing services for customers and dealers for the sale of trucks and buses manufactured by Navistar.

22. "Person" means any natural person, partnership, corporation, association, or other legal entity, as well as its parents, subsidiaries, affiliates, board members, officers, employees, agents, attorneys, and representatives.

23. "Plaintiff" means any named plaintiff in the Action.

24. "Proposed Class" means the class described in the Complaint.

25. "Proposed Class Trucks" means Class 8 Navistar trucks sold or leased in the United States containing EGR Only Technology. For example, this includes: a) International ProStar and LoneStar; b) International TranStar; c) International WorkStar and PayStar; and d) International LoadStar.

26. "Relating To" means discussing, describing, referring to, forecasting, reflecting, containing, analyzing, studying, reporting on, commenting on, evidencing, constituting, setting forth, considering, recommending, concerning, or pertaining to, in whole or in part.

27. "SCR" means selective catalytic reduction, the emissions technology which treats engine exhaust with a urea-based chemical after it leaves the engine.

28. "Training Materials" means all Documents or materials created by or for Navistar for use in training the Dealer Network or Navistar Network and its employees or representatives to sell, service or repair the Trucks.

29. "Trucks" means Class 8 Navistar trucks sold or leased in the United States.

30. "You" and "Your" refer to Navistar.

## INTERROGATORIES

**INTERROGATORY NO. 1:**

Identify all versions or iterations of the EGR Only System, the engines in which each version or iteration of the EGR Only System was used, and all changes or alterations that You have ever made to the EGR Only System (and the dates of such changes).

**RESPONSE TO INTERROGATORY NO. 1:**

**INTERROGATORY NO. 2:**

Identify any changes to the EGR Only System that You contend impacted performance or reliability of the engines as it relates to the alleged EGR defect, the date of any such change, and explain why each such change impacted performance or reliability of the engines as it relates to the alleged EGR defect.

**RESPONSE TO INTERROGATORY NO. 2:**

**INTERROGATORY NO. 3:**

Identify any factors, other than the design of the EGR Only System itself, that You contend were responsible for failures within the EGR Only System. For example, some of Your engineers wrote that they at one time believed that Shell-branded coolant was associated with failures of the EGR Only System.

1368470.3

**RESPONSE TO INTERROGATORY NO. 3:**

**INTERROGATORY NO. 4:**

For all model year 2010, 2011, 2012, and 2013 Maxxforce 11- and 13-liter Engines, identify the Vehicle Identification Numbers ("VIN") associated with each Engine and, for each such VIN, identify the following:

    A.    The associated Engine Options; and

    B.    The associated Engine Changes, and if such Engines Changes were the result of an AFC, the AFC number or identifier (e.g. "12620") and AFC description (e.g. "H & M EGR Exhaust Leak").

**RESPONSE TO INTERROGATORY NO. 4:**

| | |
|---|---|
| Dated: September 29, 2017 | By: /s Jason L. Lichtman<br>jlichtman@lchb.com<br><br>Jonathan D. Selbin<br>Jason L. Lichtman<br>**Lieff Cabraser Heimann &<br>  Bernstein, LLP**<br>250 Hudson Street, 8th Floor<br>New York, NY 10013<br>212.355.9500<br><br>Kenneth S. Byrd<br>Andrew R. Kaufman<br>**Lieff Cabraser Heimann &<br>  Bernstein, LLP**<br>150 4th Ave N #1650<br>Nashville, TN 37219<br>615.313.9000<br><br>*Attorneys for Plaintiffs and<br>the Proposed Class* |

- 12 -

1368470.3

- 13 -

## CERTIFICATE OF SERVICE

I, Jason L. Lichtman, certify that on September 29, 2017, I caused a copy of the foregoing to be served by electronic mail and US Mail upon the following:

Robin Hulshizer
Christopher R. Dyess
Kevin M. Jakopchek
LATHAM & WATKINS LLP
330 North Wabash Avenue, Suite 2800
Chicago, Illinois 60611
Robin.Hulshizer@lw.com
Chris.Dyess@lw.com
Kevin.Jakopchek@lw.com

*Counsel for Defendants Navistar, Inc. and Navistar International Corp.*

               /s/ Jason L. Lichtman

5673/001/483293.1