# **EXHIBIT Z**



**Tousley Brain Stephens PLLC**

Attorneys

1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-4416
Telephone (206) 682-5600
Facsimile (206) 682-2992

JASON T. DENNETT
jdennett@tousley.com

November 15, 2017

*Via Email*

Robin Hulshizer (Robin.Hulshizer@lw.com)
Chris Dyess (Chris.Dyess@lw.com)
LATHAM & WATKINS LLP
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611

Re:    Navistar's Responses to Plaintiffs' First Set of Interrogatories.

Dear Robin:

We write to follow-up on Navistar's responses to Plaintiffs' First Set of Interrogatories.

Navistar appears to have difficulty in understanding the definitions used in the interrogatories and therefore can't determine the engine system changes about which Plaintiffs seek information. To clarify, Plaintiffs want the changes Navistar referred to when it said:

> Finally, post-launch continuous improvement efforts are standard in the industry, and Navistar is no different. These efforts, however, greatly exacerbate the variations in the engines at issue. See disc. infra at 5. For example, Model Year 2012 engines were made with improved parts, manufacturing processes and calibrations as compared to Model Year 2011 engines, and Model Year 2013 engines were improved again over Model Year 2012. See Krohn Decl., Ex. B, ¶ 9. When Navistar implemented improvements, moreover, it did not just implement them in the manufacturing process for future engines; it also improved the engines that had already been produced and sold. Id. ¶ 10. Accordingly, Navistar undertook a series of Authorized Field Campaigns (offered free of charge to members of the proposed classes), designed to implement improvements in engines that had already been produced, sold and were operating within the marketplace. See id. Which combination of design changes are present in any particular engine, therefore, will obviously depend upon not only when an engine was purchased, but also whether the particular owner or operator took advantage of free field campaigns to update

Robin Hulshizer
Chris Dyess
November 15, 2017
Page 2

and improve the engines in some or all of the trucks owned or leased by that particular customer. Id. ¶119-10.

Defendants' Opposition to Plaintiffs' Motion for the Designation of Bellwether Classes and Claims at p. 4-5.

Navistar also claims it has produced documents showing all these changes. It has not. Authorized Field Change documents do not give Plaintiffs the information they seek, because they do not account for production changes made to new trucks coming off the line up until 2013. Plaintiffs cannot determine what Navistar means by "MI notices and engine change notifications," or how those might detail all changes. Further, any documents Navistar has provided do not explain which Navistar trucks have which changes, as sought in Interrogatory Number 4.

The information sought is not available in the public domain to Plaintiffs' knowledge. Perhaps Navistar could explain these possible sources in more detail.

We would like to set a time to meet and confer on Navistar's responses. I am available Friday November 17th or the following Monday or Tuesday. As always, we appreciate Navistar's willingness to work with Plaintiffs to resolve or narrow the parties' disputes. I look forward to hearing from you.

Very Truly Yours,

TOUSLEY BRAIN STEPHENS PLLC

Jason T. Dennett

JTD

cc: Plaintiffs' Counsel

5673/001/487270.1