# EXHIBIT FF

**Christopher R. Dyess**
Direct Dial: 312.777.7238
chris.dyess@lw.com

**LATHAM&WATKINS**LLP

330 North Wabash Avenue
Suite 2800
Chicago, Illinois 60611
Tel: +1.312.876.7700  Fax: +1.312.993.9767
www.lw.com

FIRM / AFFILIATE OFFICES

| | |
|---|---|
| Barcelona | Moscow |
| Beijing | Munich |
| Boston | New York |
| Brussels | Orange County |
| Century City | Paris |
| Chicago | Riyadh |
| Dubai | Rome |
| Düsseldorf | San Diego |
| Frankfurt | San Francisco |
| Hamburg | Seoul |
| Hong Kong | Shanghai |
| Houston | Silicon Valley |
| London | Singapore |
| Los Angeles | Tokyo |
| Madrid | Washington, D.C. |
| Milan | |

December 17, 2017

**BY EMAIL**

Amy E. Keller, Esq. (akeller@dlcfirm.com)
Dicello Levitt & Casey
10 North Dearborn St., Eleventh Floor
Chicago, Illinois 60602

Re: In re Navistar MaxxForce Engines Marketing, Sales Practices and Products Liability Litigation, Case No. 1:14-cv-10318 (N.D. Ill.)

Dear Amy:

I write in response to your December 11, 2017 letter regarding Navistar, Inc.'s responses to the First Set of Interrogatories (the "Interrogatories") and our December 4, 2017 meet and confer regarding the same. As a preliminary matter, Navistar, Inc. appreciates the opportunity to continue discussing this matter and clear up several inaccuracies and apparent misunderstandings regarding our prior discussions.

Your letter states that Navistar, Inc.[1] "continue[s] to maintain that [they] will not respond to [the Interrogatories] except to say that the answers are somewhere in the production[.]" Dec. 11, 2017 A. Keller ltr to C. Dyess, at 1. This statement is not correct. Navistar, Inc.'s response in fact points Plaintiffs directly to the documents that respond to the Interrogatories (i.e., they are not just "somewhere in the production"). As your letter states, the Interrogatories ask Navistar, Inc. to identify "any differences in the engines at issue in this litigation[.]" There are many differences among the engines at issue, as we have articulated several times, and the specific documents we reference in our responses, letter dated December 1, various meet and confers and briefing in this case identify many of those differences.

---

[1] We reference only Navistar, Inc.'s responses because Navistar International Corporation is a holding company, and so has little documentation to produce in response to Plaintiffs' First Set of Interrogatories. *See* Navistar Int'l Corp.'s Oct. 30, 2017 Resps. to First Interrogs. at 2, 4, 6, 8, 9, 11 (noting that "NIC is a holding company that does not design, manufacture, sell, or distribute any of the trucks or engines at issue in this litigation").

Christopher R. Dyess
December 17, 2017,
Page 2

**LATHAM&WATKINS**LLP

    For example, Navistar, Inc. has now produced a wide range of documents evidencing changes to the engines including part improvements, manufacturing changes, calibration updates and Authorized Field Campaigns to name a few. Navistar, Inc.'s Interrogatory responses specifically identify the names of the documents containing this information:

> Navistar refers Plaintiffs to the warranty claim spreadsheet, Authorized Field Changes, MI Notices and engine change notifications Navistar has produced for the model year 2010-2013 MaxxForce 11- and 13-liter 0.5 NOx engines utilizing in-cylinder only technology at issue in this litigation. *See* Navistar, Inc.'s Oct. 30, 2017 Resp. to Pls.' Interrog. No. 4.

    In other words, Navistar, Inc. has **sufficiently identified the names of the documents containing this information** so that Plaintiffs may locate these materials in the production. We have tried to explain this to you during discussions. MI Notice information (also referred to as MINs or Miss-Build Information Notices) is included in the warranty claims spreadsheet under warranty code "40." Authorized Field Campaign information (which can also be searched for in the production by title) is also included in the warranty claims spreadsheet under warranty code "40." The warranty claims spreadsheet also notes the VINs that had such changes and the date. Navistar, Inc. produced engine change notices at the end of October this year that literally have the words "change notice" in the title of the documents as well as in the metadata included in each production.

    For other materials you mention in your letter (*e.g.*, power ratings for the engines), Navistar, Inc. is working to supplement the Interrogatory responses with additional documents, as we stated during meet and confer as well as in the responses themselves.[2] *See*, *e.g.*, Navistar, Inc.'s Oct. 30, 2017 Resp. to Pls.' Interrog. No. 2 ("Navistar states its investigation is ongoing and the company will supplement this Response.").

    The letter also misstates Navistar, Inc.' position with respect to Fed. R. Civ. P. 33(d) ("Rule 33"). Plaintiffs state that Navistar, Inc. has "argued . . . that [they] need not comply with Rule 33 because it would be too burdensome to assemble information regarding the changes made to the engines at issue in this case." This statement is incorrect. Navistar, Inc. has never said they "need not comply with Rule 33", but rather point out that **they are already in compliance** with Rule 33 because "the burden of deriving or ascertaining the answer [to the Interrogatory] will be substantially the same for either party[.]" *See* Fed. R. Civ. P. 33(d). As such, Navistar, Inc. may answer by "specifying the records that **must be reviewed**, in sufficient

---

[2] Plaintiffs' reference to *Transcap Assocs., Inc. v. Euler Hermes Am. Credit Indemn. Co.*, 2009 WL 1543857 (N.D. Ill. June 2, 2009) is misleading. In *Transcap* the non-moving party failed to respond at all to the moving party's interrogatories prior to the motion to compel. *Transcap*, 2009 WL 1543857 at *1. Moreover, and unlike Navistar, Inc., when the non-moving party did respond, it merely stated that "the information . . . may be derived or ascertained from the business documents produced." *Id.* at *3. As already noted, Navistar, Inc. pointed Plaintiffs to the specific documents in the production that contain the information requested in the Interrogatories, which is sufficient under Fed. R. Civ. P. 33(d).

LATHAM&WATKINS LLP

detail to enable the interrogating party to locate and identify them[.]" *Id.* (emphasis added). Navistar, Inc. has specified the records that respond to the Interrogatories in sufficient detail, and request that Plaintiffs review the materials.

Moreover, it is pretty incredulous that you would even take the position that Navistar, Inc. has failed to identify documents with specificity given that Navistar, Inc.'s interrogatory responses are much more detailed than Plaintiffs' responses to interrogatories Defendants have served. By way of just one example, Defendants' Interrogatory No. 7 sought information on each instance in which anyone has repaired or replaced EGR systems or other parts damaged by EGR system failure on at-issue trucks, and Plaintiffs' response was not specific, directing Defendants generally to "repair records that Plaintiff has produced and will produce." *See, e.g.*, Wright Transportation, Inc.'s Oct. 10, 2017 Resp. Defs.' Interrog. No. 7.

Your letter ends with the threat of a motion to compel. Given Judge Mason's recent remarks regarding the parties' efforts to work through disputes without seeking the Court's involvement, we would hope that you would reconsider that path. We are happy to discuss this further, but if you still feel the need to go to the Judge, we ask that you do not misinterpret our position as you have in the December 11 letter.

Best regards,

Christopher R. Dyess
of LATHAM & WATKINS LLP