**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re Navistar MaxxForce Engines | ) | **Case No. 1:14-cv-10318** |
| **Marketing, Sales Practices and Products** | ) | |
| **Liability Litigation** | ) | **This filing applies to:** |
| | ) | **All Class Cases** |
| | ) | |
| | ) | **Judge Joan B. Gottschall** |
| | ) | |
| | ) | |

**PLAINTIFFS' MOTION FOR LEAVE TO FILE DOCUMENT UNDER SEAL**

Plaintiffs, pursuant to L.R. 26.2, respectfully seek leave to file under seal the

Supplemental Agreement to the Settlement Agreement.

Plaintiffs are filing contemporaneously herewith a Motion for Preliminary Approval of

Class Action Settlement.  Under paragraph VI.E.2 of the Settlement Agreement, "Defendants

shall have the option to withdrawn from this Settlement Agreement and to render it null and void

based on a certain number of Opt Outs.  The Parties have reached a separate agreement about

when and how Defendants may assert such rights, which they will seek leave to file under seal."

Moreover, under paragraph VI.E.3 of the Settlement Agreement, "Co-Lead Class Counsel shall

have the option to withdraw from this Settlement Agreement on behalf of Named Plaintiffs and

the Settlement Class and to render it null and void based on the oversubscription of both the

Cash Fund and the Rebate Fund under certain circumstances.  The Parties have reached a

separate agreement about when and how Co-Lead Class Counsel may assert such rights, which

they will seek leave to file under seal."

Courts frequently conduct an *in camera* review of opt-out thresholds in class action

settlement agreements.  *See, e.g.*, *In re Zynga Inc. Sec. Litig.*, No. 12-4007, 2015 WL 6471171,

at *4 (N.D. Cal. Oct. 27, 2015) (granting preliminary approval after reviewing *in camera* "[t]he threshold number" for the defendant to "terminate the agreement"); *Thomas v. Magnachip Semiconductor Corp.*, No. 14-1160, 2016 WL 3879193, at *7 (N.D. Cal. July 18, 2016) (finding "compelling reasons" to keep the opt-out threshold confidential); *In re Skelaxin (Metaxalone) Antitrust Litig.*, No. 12-2343, 2015 WL 1486709, at *2 (E.D. Tenn. Mar. 31, 2015) (granting motion to seal opt-out threshold); *In re Remeron End-Payor Antitrust Litig.*, No. 04-5126, 2005 WL 2230314, at *18 (D.N.J. Sept. 13, 2005) (same).

The "threshold number of opt outs required to trigger the [termination] provision is typically not disclosed and is kept confidential to encourage settlement and discourage third parties from soliciting class members to opt out." *In re Health S. Corp. Sec. Litig.*, 334 F. App'x 248, 250 n.4 (11th Cir. 2009); *see also In re Online DVD-Rental Antitrust Litig.*, 779 F.3d 934, 948 (9th Cir. 2015) (recognizing that an opt-out threshold may be kept confidential "for practical reasons"); *Hefler v. Wells Fargo & Co.*, No. 16-5479, 2018 WL 4207245, at *11 (N.D. Cal. Sept. 4, 2018) (granting motion to seal opt-out threshold "in order to prevent third parties from utilizing it for the improper purpose of obstructing the settlement.").

Courts also recognize that the particular opt-out threshold is "irrelevant to [class] members' opt-out decision" and so does not need to be disclosed. *In re Warfarin Sodium Antitrust Litig.*, 212 F.R.D. 231, 253 (D. Del. 2002); *see also Spann v. J.C. Penney Corp.*, 314 F.R.D. 312, 329-30 (C.D. Cal. 2016) (recognizing same). As the court recognized in *Skelaxin*, "at worst, [p]ublicizing the threshold could result in the failure of the Settlement to become effective. At best, it could result in settlement proceeds being unfairly channeled away from the proposed Settlement Class members to parties and attorneys who do not deserve them." 2015 WL 1486709, at *2.

WHEREFORE, for the foregoing reasons, Plaintiffs, pursuant to L.R. 26.2, respectfully request that the Court grant them leave to file under seal the Supplemental Agreement to the Settlement Agreement.

Dated:  May 28, 2019                            Respectfully submitted,

By:  */s/ Adam J. Levitt*
Adam J. Levitt
John E. Tangren
Amy E. Keller
Adam Prom
DiCELLO LEVITT GUTZLER LLC
Ten North Dearborn Street, Eleventh Floor
Chicago, Illinois  60602
Tel:  312-214-7900

Jonathan D. Selbin
Jason L. Lichtman
Andrew R. Kaufman
LIEFF CABRASER HEIMANN  & BERNSTEIN, LLP
250 Hudson Street, 8th Floor
New York, New York  10013
Tel:  212-355-9500

William M. Audet
AUDET & PARTNERS, LLP
711 Van Ness Avenue, Suite 500
San Francisco California  94102
Tel:  415-568-2555

*Plaintiffs' Interim Co-Lead Counsel*

Laurel G. Bellows
THE BELLOWS LAW GROUP, P.C.
209 South LaSalle Street, #800
Chicago, Illinois  60604
Tel:  312-332-3340

*Plaintiffs' Liaison Counsel*

## <u>CERTIFICATE OF SERVICE</u>

I certify that on May 28, 2019, I served the foregoing on all counsel of record via ECF.


_/s/ Adam J. Levitt_