**Cary R. Perlman**
Direct Dial: +1.312.876.7625
cary.perlman@lw.com

330 North Wabash Avenue
Suite 2800
Chicago, Illinois 60611
Tel: +1.312.876.7700 Fax: +1.312.993.9767
www.lw.com

# LATHAM&WATKINS LLP

FIRM / AFFILIATE OFFICES

| | |
|---|---|
| Beijing | Moscow |
| Boston | Munich |
| Brussels | New York |
| Century City | Orange County |
| Chicago | Paris |
| Dubai | Riyadh |
| Düsseldorf | San Diego |
| Frankfurt | San Francisco |
| Hamburg | Seoul |
| Hong Kong | Shanghai |
| Houston | Silicon Valley |
| London | Singapore |
| Los Angeles | Tokyo |
| Madrid | Washington, D.C. |
| Milan | |

February 7, 2020

### *VIA EMAIL*

John P. Maxwell, Esq. (jmaxwell@kwgd.com)
Matthew P. Mullin, Esq. (mmullen@kwgd.com)
Matthew W. Onest, Esq. (monest@kwgd.com)
Owen J. Rarric, Esq. (orarric@kwgd.com)
Krugliak, Wilkins, Griffiths & Dougherty Co., L.P.A.
4775 Munson Street NW
Canton, Ohio 44718

> **Re:** *DRASC, INC., et al., vs. NAVISTAR, INC., et al.*
> *Case No. 2018 CV 07 0635*: <u>Cease and Desist</u>

Gentlemen:

Our firm represents Navistar, Inc. ("Navistar") in the class action lawsuits (the "Class Actions") styled *In re Navistar MaxxForce Engines Marketing, Sales Practices and Products Liability Litigation*, MDL No. 2590, Case No. 1:14-cv-10318, before Judge Joan B. Gottschall in the United States District Court for the Northern District of Illinois (the "MDL Court"). On May 29, 2019, plaintiffs filed an Unopposed Motion for Preliminary Approval of Proposed Class Action Settlement with the MDL Court.[1]  On June 12, 2019, the MDL Court entered Pretrial Order No. 29 Granting Preliminary Approval of Class Action Settlement (the "Preliminary Approval Order") [Dkt. #648].  With some exceptions that do not apply here, the Preliminary Approval Order defines the Class as follows:

> All entities and natural persons who owned or leased a 2011-2014 model year vehicle equipped with a MaxxForce 11- or 13-liter engine certified to meet EPA 2010 emissions standards without selective catalytic reduction technology, provided that vehicle was purchased or leased in any of the fifty (50) States, the District of Columbia, Puerto Rico, or any other United States territory or possession.

Your clients, S&C Trucks of Winklepleck, Ltd. ("S&C") and Drasc, Inc. ("Drasc"), plainly fall within that Class definition because they purchased or leased eleven 2011 and 2012 model year vehicles equipped with MaxxForce 13-liter engines certified to meet EPA 2010 emissions standards without selective catalytic reduction technology (the "Subject Trucks").  The VINs for the Subject Trucks are listed below:

---

[1]     The Settlement Agreement is available on the MDL Court docket at Dkt. #632-1.

**EXHIBIT A**

LATHAM&WATKINS LLP

| |
|---|
| 3HSDJSJR6BN423092 |
| 3HSDJSJR8BN423093 |
| 3HSDJSJRXBN423094 |
| 3HSDJSJR1BN423095 |
| 3HSDJSJR3BN423096 |
| 3HSDJSJR2CN609293 |
| 3HSDJSJR4CN609294 |
| 3HSDJSJR6CN609295 |
| 3HSDJSJR8CN609296 |
| 3HSDJSJRXCN609297 |
| 3HSDJSJR1CN609298 |

Court-approved Notice Packages were sent to S&C and Drasc on August 9, 2019. *See* Decl. of Jennifer M. Keough, ¶¶ 6, 8, 10 [Exhibit 1 attached hereto]. The Notice Package informed your clients that the opt out deadline was October 10, 2019. *Id.* at ¶ 7. That deadline has passed, and the Settlement Administrator did not receive any communication from S&C or Drasc. *Id.* at ¶¶ 7, 9, 11.

On January 21, 2020, the MDL Court entered an Order Granting Final Approval of Class Action Settlement, Award of Attorneys' Fees and Costs and Named Plaintiff Service Awards, and Entering Final Order and Judgment (the "Final Judgment") [Dkt. #746]. A copy of the Final Judgment is attached as Exhibit 2. With some exceptions that do not apply here, the Final Judgment defines the Class as follows:

> All entities and natural persons who owned or leased, before August 11, 2019, a 2011-2014 model year vehicle equipped with a MaxxForce 11- or 13-liter engine certified to meet EPA 2010 emissions standards without selective catalytic reduction technology. [¶ 1]

The Final Judgment states that "[a]ll persons named in the list submitted to the Court as having filed timely requests for exclusions with the Settlement Administrator are excluded from the Class and will not be bound by the terms of the Settlement" [¶ 19], but as noted, S&C and Drasc did not file timely requests for exclusion. Therefore, they are members of the Settlement Class and are bound by the terms of the Settlement.

The Settlement terms to which your clients are bound include a broad release that provides S&C and Drasc

> fully, finally, and forever release, relinquish, acquit, discharge, and hold harmless the Released Parties from any and all claims, demands, suits, petitions, liabilities, causes of action, rights, and damages of any kind and/or type regarding the subject matter of the Litigation, including, but not limited to, compensatory, exemplary, punitive, and expert and/or attorneys' fees or by multipliers, whether

**EXHIBIT A**

LATHAM&WATKINS LLP

past, present, or future, mature, or not yet mature, known or unknown, suspected or unsuspected, contingent or non-contingent, derivative or direct, asserted or un-asserted, whether based on federal, state or local law, statute, ordinance, regulation, code, contract, common law, or any other source, or any claim of any kind arising from, related to, connected with, and/or in any way involving the Litigation or the Class Vehicles in any manner that are defined, alleged, included, or described in the Second or Third Amended Consolidated Class Action Complaint, the Litigation, or any amendments of the Litigation (collectively, the "Released Claims") [¶ 20].

The Court's Final Judgment also limits your clients to "enforcement of the Settlement Agreement" as their "exclusive remedy," and it declares that your clients "are permanently barred and enjoined from instituting, commencing, prosecuting, or continuing to prosecute, either directly or indirectly, any of the Released Claims." *Id.*, ¶ 26.

It has come to our attention that your clients, Drasc and S&C, are prosecuting a lawsuit in Ohio relating to or arising out of the Released Claims (the "Ohio Lawsuit"). Therefore, Drasc and S&C are in violation of the MDL Court's injunction. Accordingly, we demand that Drasc and S&C immediately cease continuing to prosecute their Ohio Lawsuit and comply with the MDL Court's order to "take whatever measures necessary to effectuate dismissal of their claims." *Id.* If Drasc and S&C fail to do so, Navistar intends to seek all available remedies to ensure compliance with the Final Judgment and to recover Navistar's damages. As members of the Settlement Class, however, Drasc and S&C are eligible to file claims for the eleven Subject Trucks with the Settlement Administrator. The time for doing so remains open.

Please respond and confirm your clients' compliance with the Final Judgment by Tuesday, February 11, 2020.

Sincerely,

Cary RR

Cary R. Perlman
LATHAM & WATKINS, LLP

cc:  Timothy C. Ammer, Esq. (via email: tamer@mojolaw.com)
Lindsay M. Upton, Esq. (via email: lupton@mojolaw.com)
Jeffrey S. Patterson, Esq. (via email: jpatterson@hartlinebarger.com)
Tyler G. Stuart, Esq. (via email: tstuart@hartlinebarger.com)
Jake L. Ramsey, Esq. (via email: jramsey@hartlinebarger.com)
Drew M. Thomas, Esq. (via email: dthomas@hartlinebarger.com)

**EXHIBIT A**

# EXHIBIT 1

**EXHIBIT A**

# IN THE COURT OF COMMON PLEAS
# TUSCARAWAS COUNTY, OHIO

**DRASC, INC., and S&C TRUCKS**
**OF WINKLEPLECK, LTD.,**

Plaintiffs,

vs.

**NAVISTAR, INC., and TRUCK SALES**
**AND SERVICE, INC.,**

Defendants.

**CASE NO. 2018 CV 07 0635**

**JUDGE O'FARRELL**

## DECLARATION OF JENNIFER M. KEOUGH REGARDING ADMINISTRATION OF NAVISTAR MAXXFORCE ENGINE SETTLEMENT

I, Jennifer M. Keough, declare and state as follows:

1. I am Chief Executive Officer of JND Legal Administration ("JND"). JND is a legal administration services provider with headquarters in Seattle, Washington. JND has extensive experience with all aspects of legal administration and has administered settlements in hundreds of class action cases.

2. JND is serving as the Settlement Administrator ("Administrator") in *In re Navistar MaxxForce Engines Marketing, Sales Practices and Products Liability Litigation*, Case No. 1:14-cv-10318 pending in the United States District Court for the Northern District of Illinois, as ordered by the Court in its Pretrial Order No. 29 Granting Preliminary Approval of Class Action Settlement ("Preliminary Approval Order"), dated June 12, 2019. This Declaration is based on my personal knowledge, as well as upon information provided to me by experienced JND employees, and, if called upon to do so, I could and would testify competently thereto.

**EXHIBIT A**

3.      I make this Declaration at the request of Defendants' Counsel to provide

information related to DRASC, Inc. and S&C Trucks of Winklepleck Ltd., Class Members in

the Navistar MaxxForce Engine Settlement.

## INTRODUCTION

4.      In our role as Settlement Administrator, JND is responsible for sending Court-

approved Notice to the Class, reviewing and validating Claim Forms for Settlement benefits,

and processing requests for exclusion, among other responsibilities as outlined in the Stipulation

and Agreement of Settlement.

5.      Prior to sending Notice to the Class, Defendants provided JND with a file

containing Vehicle Identification Numbers ("VINs") for 66,518 heavy-duty trucks classified

under the Settlement as Class Vehicles (all 2011-2014 model year vehicles equipped with a

MaxxForce 11- or 13-liter engine certified to meet EPA 2010 emissions standards without

selective catalytic reduction technology). JND worked with data aggregators to acquire Class

Member contact information from Departments of Motor Vehicles ("DMVs").

6.      On August 9, 2019, JND mailed the Court-approved Notice Package to all

unique Class Members with a mailing address. A representative copy of the Notice Package is

attached as Exhibit A. All Notice Packages returned as undeliverable with a forwarding address

are promptly re-mailed, and Notice Packages returned without a forwarding address are

promptly researched and re-mailed if a verified updated address is located.

7.      The information contained in the Notice Package informed Class Members of

their rights and options under the Settlement, including deadlines to object, request exclusion,

and file a Claim Form. The deadline to opt out or object passed on October 10, 2019, and the

**EXHIBIT A**

deadline to file a Claim Form is May 11, 2020. On October 22, 2019, JND prepared a report to

be filed with the Court detailing all requests for exclusion that had been received. My

Declaration of Jennifer M. Keough Regarding Requests for Exclusion is attached as Exhibit B

for reference and includes exhibits naming all Class Members who opted out or attempted to opt

out of the Settlement. JND has not received any additional opt-outs since the declaration was

filed.

## DRASC, INC.

8.     The contact information returned to JND from the data aggregators and DMVs

included one record for DRASC, Inc. and 11 unique VINs. On August 9, 2019, JND mailed a

Notice Package that was not returned as undeliverable to the following address for DRASC:

     a.   4029 Winklepleck Rd NW, Sugarcreek, Ohio 44681.

9.     As of the date of this Declaration, JND has not received any written

communications from DRASC. This includes Claim Forms, objections, and requests for

exclusion.

## S&C TRUCKS OF WINKLEPLECK LTD.

10.     The contact information returned to JND from the data aggregators and DMVs

included one record for S&C Trucks of Winklepleck Ltd. and nine unique VINs. On August 9,

2019, JND mailed a Notice Package that was not returned as undeliverable to the following

address for S&C Trucks of Winklepleck:

     a.   9060 Bollman Rd SW, Sugarcreek, Ohio 44681.

11.     As of the date of this Declaration, JND has not received any written communications from S&C Trucks of Winklepleck.  This includes Claim Forms, objections, and requests for exclusion.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on February 4, 2020 at Seattle, Washington.

By: _Jenn J M. Keogh_

Jennifer M. Keough

**EXHIBIT A**

# EXHIBIT A

# NAVISTAR MAXXFORCE ENGINE SETTLEMENT

**If you owned or leased a 2011-2014 model year vehicle equipped with a MaxxForce 11- or 13-liter engine, you could get a payment from a class action settlement.**

**Depending on your months of ownership or lease, you may be entitled to up to $2,500 cash per class vehicle, up to a $10,000 rebate for a new heavy-duty truck, or up to $15,000 as reimbursement for certain proven costs.**

*Para ver este aviso en español*, visite www.MaxxForce11and13.com

A proposed settlement has been reached in a lawsuit against Navistar, Inc. and Navistar International Corporation (the "Defendants"). The lawsuit claimed that Defendants sold or leased vehicles equipped with a defective EGR emissions system and that if Named Plaintiffs had known of the defect, they would not have purchased or leased their vehicles or would have paid less for them. Defendants deny these allegations. The Settlement resolves the case and provides benefits to Class Members who do not exclude themselves, including payments to Class Members who submit valid claims. This notice is only a summary. For more information, visit www.MaxxForce11and13.com or call 1-833-222-1176.

**Who is included?** You may be a Class Member if you owned or leased a 2011-2014 model year vehicle equipped with a MaxxForce 11- or 13-liter engine certified to meet EPA 2010 emissions standards without selective catalytic reduction technology, provided the vehicle was purchased or leased in any of the fifty States, the District of Columbia, Puerto Rico, or any other United States territory or possession.

**What can I get?** The proposed Settlement creates a common fund of $135 million to pay approved claims from Class Members. For each Class Vehicle, you may elect only one option. The Cash Option provides a payment based on months of ownership/lease up to $2,500 per Class Vehicle. The Rebate Option provides a rebate based on months of ownership/lease up to $10,000 per Class Vehicle toward a new Navistar Class 8 heavy-duty truck (maximum of 10 rebates). The Individual Prove-Up Option will reimburse a Class Member for up to $15,000 of proven Covered Costs. **You must submit a Claim Form by May 11, 2020, to qualify for a payment.** A Claim Form is attached to this Notice, but you may also file a claim online at www.MaxxForce11and13.com. If you have any questions about the Claim Form or how to file a claim, call 1-833-222-1176 or email info@MaxxForce11and13.com.

**What are my options? You can file a claim by May 11, 2020, exclude yourself by October 10, 2019, or object to the Settlement by October 10, 2019.** If you do not exclude yourself, and the Court approves the Settlement, you will be bound by the Court's orders and judgments and will release your claims against Defendants, even if you do not file a claim. For information on how to exclude yourself, object, or file a claim, visit www.MaxxForce11and13.com or call 1-833-222-1176. The Court will hold a Final Approval Hearing on November 13, 2019 to decide whether to approve the Settlement. You may attend this hearing, but you don't have to. The time and date of this hearing may change without further notice to the Class, so please check the website for updates.

**What happens next?** The Court, located in Chicago, IL, will hold a hearing on **November 13, 2019 at 10:00 a.m.** to decide whether to approve the Settlement, including how much to pay Co-Lead Class Counsel for their work in representing the Class (up to $40 million to be paid out of the Cash Fund) and what Service Award, if any, should be given to the Named Plaintiffs. Named Plaintiffs will ask the Court to award $25,000 for each of the Named Plaintiffs remaining in the lawsuit. You or your attorney may ask permission to speak at the hearing at your own cost. The date and time of this hearing may change without further notice to the Class. Please check www.MaxxForce11and13.com for updates.

**Who represents me?** The Court has appointed Jonathan D. Selbin of Lieff Cabraser Heimann & Bernstein, LLP, Adam J. Levitt of DiCello Levitt Gutzler LLC, and William M. Audet of Audet & Partners LLP to represent you and other Class Members. Together, the lawyers are called Co-Lead Class Counsel. You will not be charged for these lawyers. If you want to be represented by your own lawyer, you may hire one at your own expense. Lieff Cabraser Heimann & Bernstein may be contacted at 250 Hudson St, 8th Floor, New York, NY 10013 or (212) 355-9500. Contact information for the other Co-Lead Class Counsel is provided in the Long Form Notice and at www.MaxxForce11and13.com.

**How do I get more information?** For more information, including the Long Form Notice, Claim Form, Motions for Approval and Attorneys' Fees, and Settlement Agreement, call 1-833-222-1176 or visit www.MaxxForce11and13.com.

**QUESTIONS? Call toll-free 1-833-222-1176 or visit www.MaxxForce11and13.com.**

EXHIBIT A

## CLAIM FORM

**INSTRUCTIONS**: You can submit this form by mail or file claims online at www.MaxxForce11and13.com. The deadline to submit or postmark a claim is **May 11, 2020**.

**Mail claims and supporting documentation to:**

**In re Navistar MaxxForce Engine Settlement**
**c/o JND Legal Administration**
**PO Box 91317**
**Seattle, WA 98111**

**Please read the Class Notice (available at www.MaxxForce11and13.com) regarding the Settlement carefully before filling out this form. Terms in this Claim Form are defined in the Class Notice and the Settlement Agreement, both of which are available at the Settlement Website or by calling 1-833-222-1176 or emailing info@MaxxForce11and13.com.** Please also review the instructions on page three before proceeding. Note that you may choose only one option for compensation for each Class Vehicle that you owned or leased. If multiple options are selected, or your claim is not accompanied by the required documentation, your claim may be rejected.

### I. CLAIMANT CONTACT INFORMATION

Full Name

Mailing Address – Line 1

Mailing Address – Line 2 (If Applicable)

| City | State | Zip Code |
|------|-------|----------|
|      |       |          |

Telephone Number

Email Address

**EXHIBIT A**

## II. **VEHICLE INFORMATION**

*If you owned or leased more than one Class Vehicle, complete and attach an additional page for each Class Vehicle.*

Vehicle Identification Number (VIN)

| |
|---|

Model Year

| |
|---|

Vehicle Model

| |
|---|

Are you the original owner or lessee?          ☐ YES  /  ☐ NO

If you leased the Class Vehicle, provide the name of the owner/lessor

| |
|---|

Do you still own or lease your vehicle?          ☐ YES  /  ☐ NO

Date purchased/leased (MM/YYYY)

| |
|---|

Date sold/lease terminated (MM/YYYY)

| |
|---|

**EXHIBIT A**

# INSTRUCTIONS

**Supporting documentation is required for ALL claims**. Different kinds of documentation are required depending on the option you select, as explained below. Contact the Settlement Administrator at 1-833-222-1176 or info@MaxxForce11and13.com with any questions about completing this Claim Form.

## SUPPORTING DOCUMENTATION IS REQUIRED FOR ALL CLAIMS.

For all claims, you must produce documentation that you purchased or leased your Class Vehicle(s) in the United States. If you choose the Cash Option or Rebate Option, you must also submit documentation proving the time period during which you owned or leased the Class Vehicle. This documentation could include the following: vehicle title, vehicle purchase agreement, vehicle lease agreement, dealer invoice, insurance documentation, financing documentation, or vehicle registration documents sufficient to identify the time period that you have been or were the owner or lessee of the Class Vehicle. If you choose the Individual Prove-Up Option, you must submit documentation of Covered Events and subsequent Covered Costs.

# OPTIONS FOR COMPENSATION

Class Members who submit timely claims along with the required documentation may be entitled to monetary compensation for each Class Vehicle. Before filing your claim, you may view preliminary calculations of the amount you might receive under the Cash Option or Rebate Option at www.maxxforce11and13.com/claim. You may then file claims online or by mail.

Review the three options for compensation below and decide which option you prefer for each Class Vehicle you owned or leased. You may choose only one option for each Class Vehicle. Once you have chosen the best option for you, complete the Options for Compensation section of this Claim Form. If you owned or leased more than one Class Vehicle, complete and attach additional pages for each Vehicle.

If you leased a Vehicle from Navistar for more than 30 days, you will recover on the same terms as Class Vehicle owners. If you leased a Vehicle for 30 days or less, you are not a Class Member, but the owner of the Vehicle may submit a claim for the period of the lease. If you leased a Vehicle from a party other than Navistar for more than 30 days, both you and the owner are each eligible for half of the Cash or Rebate Options for the period of the lease. As an alternative, the lessor and/or lessee may instead each select the Prove-Up Option.

### Option 1 – Cash Option:

If you select the Cash Option, you will receive a payment based on months of ownership or lease up to $2,500 per Class Vehicle. Each demonstrated month of ownership/lease is eligible for the listed amounts, subject to certain limitations.

| Model Year | Monetary Amount |
|------------|-----------------|
| 2011 | $26.59/month |
| 2012 | $29.07/month |
| 2013 | $33.33/month |
| 2014 | $39.06/month |

### Option 2 – Rebate Option:

If you select the Rebate Option, you will receive a rebate worth up to $10,000 per Class Vehicle based on months of ownership or lease. The rebate may be applied toward the purchase of a new Navistar Class 8 heavy-duty truck. Each demonstrated month of ownership/lease is eligible for the listed rebate amounts, subject to certain limitations.

| Model Year | Monetary Amount |
|------------|-----------------|
| 2011 | $106.36/month |
| 2012 | $116.28/month |
| 2013 | $133.32/month |
| 2014 | $156.24/month |

**EXHIBIT A**

The rebates are deducted from the best negotiated retail purchase price (not including sales tax or delivery fees) and are in addition to any other applicable promotion, rebate, or discount then in effect at the time of purchase and for which both the purchase and the purchaser would otherwise qualify. The rebates will expire 18 months after the date that the rebate certificates are sent to qualifying Class Members. The rebate is not transferable and not stackable. No Class Member may select the Rebate Option for more than ten Class Vehicles.

## Option 3 – Individual Prove-Up Option

For each Class Vehicle a Class Member owned or leased, a Class Member may seek to prove up to $15,000 per truck for documented Covered Costs incurred as a result of a Covered Event. Covered Costs and Covered Events are defined below. Each claim must be supported by reasonable contemporaneous or third-party documentation supporting the occurrence of the Covered Event and the amount of damages suffered as a result.

A Covered Event is (1) a service event for repair or replacement of a Primary Component; or (2) a service event for repair or replacement of a Secondary Component that occurs within 30 days of a service event for repair or replacement of a Primary Component. Covered Events do not include service events where the repair or replacement of a Primary Component was provided for by an Authorized Field Change or Misbuild Investigation Notice.

| Primary Components |
| --- |
| EGR Cooler |
| EGR Valve |

| Secondary Components |
| --- |
| Lambda Sensor |
| Oxygen Sensor |
| Oil Centrifuge |
| Valve/Seat (Intake) and Valve/Seat (Exhaust) |
| Valve Bridge |
| Cylinder Head (when accompanied by a Valve/Seat (Intake) and Valve Bridge repair) |
| Turbochargers |
| Total Engine Replacement or Rebuild (must show a Turbochargers failure) |
| Diesel Particulate Filter |
| DOC/Pre-DOC |

Covered Costs are any of the following costs that (1) were actually incurred as a result of a Covered Event, (2) are established by reasonable contemporaneous or third-party documentation, and (3) for which the Class Member has not already been compensated: actual repair costs, including parts, labor, and towing; rental trucks; lost revenue (from a particular load lost at the time of the Covered Event); travel costs (hotel, airfare, meals, etc.); employee wages (limited to five days); permits; and loading/unloading. There are mileage limits on parts and labor recovery. Parts and labor incurred as a result of a Covered Event that occurred when the Class Vehicle had between 500,001 miles and 1,000,000 miles are capped at seven-thousand five-hundred dollars ($7,500). Please review the Settlement Terms and FAQs at www.MaxxForce11and13.com for additional details or call toll-free 1-833-222-1176. All costs not listed above are excluded and will not be compensated.

**EXHIBIT A**

## III. COMPENSATION SELECTION

Select ONE of the following options for compensation for this truck. For details regarding these options, see *Options for Compensation* on pages three and four.

☐ **CASH Option**    ☐ **REBATE Option**    ☐ **PROVE-UP Option**

If you choose the PROVE-UP option, please itemize your claimed Covered Costs below. NOTE: Be sure to include supporting documentation. If there is not enough room below, please copy this and attach additional sheets as necessary.

| | |
|---|---|
| Covered Event | Date (mm/dd/yyyy) |
| Covered Cost | Amount |
| Name of Person Paid (e.g., dealership, repair shop, etc.) | Date of Payment (mm/dd/yyyy) |
| Phone Number of Person Paid (e.g., dealership, repair shop, etc.) | |
| Address of Person Paid (e.g., dealership, repair shop, etc.) | |

| | |
|---|---|
| Covered Event | Date (mm/dd/yyyy) |
| Covered Cost | Amount |
| Name of Person Paid (e.g., dealership, repair shop, etc.) | Date of Payment (mm/dd/yyyy) |
| Phone Number of Person Paid (e.g., dealership, repair shop, etc.) | |
| Address of Person Paid (e.g., dealership, repair shop, etc.) | |

| | |
|---|---|
| Covered Event | Date (mm/dd/yyyy) |
| Covered Cost | Amount |
| Name of Person Paid (e.g., dealership, repair shop, etc.) | Date of Payment (mm/dd/yyyy) |
| Phone Number of Person Paid (e.g., dealership, repair shop, etc.) | |
| Address of Person Paid (e.g., dealership, repair shop, etc.) | |

**EXHIBIT A**

## IV. CLAIM CERTIFICATION & RELEASE

To obtain compensation under the Settlement, you must attest to the following certification:

*I have received notice of the Settlement, and I submit this Claim Form under the terms of the Settlement. I acknowledge that I am bound by any Court judgment that may be entered in this lawsuit and, upon the Effective Date of the Settlement, will release claims against Navistar as set forth in the Settlement Agreement. I submit to the jurisdiction of the United States District Court for the Northern District of Illinois with regard to my claim and for purposes of enforcing the release of claims. I acknowledge that all claims are subject to investigation, and any false claims may be subject to legal action. I verify under penalty of perjury that the following information is true and correct:*

1. I am a member of the Settlement Class or the authorized representative of an entity that is a member of the Settlement Class.

2. If I am choosing the option to prove up additional damages, I or the entity I represent actually suffered the described Covered Costs and have not previously received reimbursement for those Covered Costs.

3. If I am choosing the option to prove up additional damages, I certify the oil and filters were regularly changed on the Class Vehicle identified in Section III within the timeframes recommended by Navistar.

_____     _____

Signature of Claimant                        Date

**EXHIBIT A**

# EXHIBIT B

| | |
|---|---|
| IN RE NAVISTAR MAXXFORCE ENGINES MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | CASE NO. 1:14-CV-10318 |

## DECLARATION OF JENNIFER M. KEOUGH REGARDING REQUESTS FOR EXCLUSION

I, Jennifer M. Keough, declare and state as follows:

1.      I am Chief Executive Officer of JND Legal Administration ("JND"). JND is a legal administration services provider with headquarters in Seattle, Washington. JND has extensive experience with all aspects of legal administration and has administered settlements in hundreds of class action cases.

2.      JND is serving as the Settlement Administrator ("Administrator") in the above-captioned litigation, as ordered by the Court in its Pretrial Order No. 29 Granting Preliminary Approval of Class Action Settlement ("Preliminary Approval Order"), dated June 12, 2019. This Declaration is based on my personal knowledge, as well as upon information provided to me by experienced JND employees, and if called upon to do so, I could and would testify competently thereto.

3.      This Declaration is intended to supplement my Declaration of Jennifer M. Keough Regarding Requests for Exclusion dated October 13, 2019.

### REQUESTS FOR EXCLUSION

4.      The Notices informed Class Members that any Class Member who wanted to exclude themselves from the Settlement ("opt out") was required to mail a letter to JND including their name, address, telephone number, signature, an explicit and unambiguous statement of their

desire to opt out of the Settlement Class, and a complete list of Vehicle Identification Numbers ("VINs"), models, and model years of the Class Vehicles they own(ed) or lease(d), postmarked or received on or before October 10, 2019. For Class Members that are business entities rather than individuals, a sworn statement from the person signing the opt-out request attesting to their ability to act on behalf of the entity was also required.

5.      As of the date of this Declaration, a total of 41 timely requests for exclusion have been received. The complete List of Opt-Outs, including names and addresses, is attached as **Exhibit A.** Attached as **Exhibit B** is a supplemental list reporting on the VINs included in the requests, including the count of VINs included in each request ("VINs in Request") and the count of VINs in each request that do not appear on the Class List ("Non-Class VINs in Request").

6.      Of the total opt-outs received, 39 were complete and have been approved, and two are incomplete. The opt-out request from Evergreen Forest Products, Inc. was signed by the General Manager, but no affidavit of his ability to act on behalf of the Class Member entity was included, and the request from FedEx Ground Package System, Inc. does not include any of the required details related to the Class Vehicles they owned or leased. JND has conducted outreach to both Evergreen Forest Products and FedEx notifying them of these deficiencies. FedEx responded that it was not feasible to identify the models, model years, and VINs as they work with business partners to deliver their ground packages and do not own or control the vehicles used by their business partners. No response has been received from Evergreen Forest Products.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on October 22, 2019, at Seattle, Washington.

By: ~~Jenn J M. Keough~~
Jennifer M. Keough

**EXHIBIT A**

# EXHIBIT A

| Request ID | JND ID | Name | Address | City | State | Zip |
|---|---|---|---|---|---|---|
| 22 | DXB2G-AP98F | ADRIAN TRUCKING INC. | 705 HWY 78 E | RICHLAND | IA | 52585 |
| 2 | DRVQS-G3DX5 | ALL FREIGHT SYSTEMS INC. | 1134 S 12TH ST | KANSAS CITY | KS | 66105 |
| 24 | DJNU5-PVGS8 | ALMA TRANSPORT INC., HIGHLANDER EXPRESS, INC. | 7100 NW 77TH CT | MIAMI | FL | 33166 |
| 21 | DB2FX-E4ZAT | ATLAS SN. LEASING INC. | 2520 E DEVON AVE | ELK GROVE VILLAGE | IL | 60007 |
| 4 | DHUMQ-B6A39 | BRENDA GRAHAM | 2801 RICHMOND RD #132 | TEXARKANA | TX | 75503 |
| 29 | D2Z8Q-PNC7R | CARDINAL LOGISTICS MGMT. CORP. | 5333 DAVIDSON HWY | CONCORD | NC | 28027 |
| 38 | DGHXR-U7JDN | COUNTY OF CATTARAUGUS | 303 COURT ST | LITTLE VALLEY | NY | 14755 |
| 11 | D43UK-DLGPE | DUTCHMAID LOGISTICS INC. | 3377 US-224 | WILLARD | OH | 44890 |
| 1 | D7VLH-PNM6Y | EVERGREEN FOREST PRODUCTS INC. | PO BOX 87 | CHAPMAN | AL | 36015 |
| 36 | DLSMP-GWFC6 | FEDEX GROUND PACKAGE SYSTEM, INC. | 1000 FEDEX DR | MOON TOWNSHIP | PA | 15108 |
| 12 | DGYJE-THZMF | FIRST EXPRESS INC. | 1135 FREIGHTLINER DR | NASHVILLE | TN | 37210 |
| 26 | DQHZT-UM5D2 | FIVE R PARTNERSHIP LTD. | PO BOX 604 | GALENA PARK | TX | 77547 |
| 5 | DUQB9-FCPWT | FLEETMASTER EXPRESS INC. | 1814 HOLLINS RD | ROANOKE | VA | 24012 |
| 6 | DGZDN-SCHA7 | FLOYD BLINSKY TRUCKING INC. | 210 KEYS RD | YAKIMA | WA | 98901 |
| 9 | DRAMW-6PU2B | GREAT PLAINS TRUCKING INC. | 1935 E NORTH ST | SALINA | KS | 67402 |
| 20 | D7RJQ-MXV68 | HOKER TRUCKING | 30923 52ND AVE | DIXON | IA | 52745 |
| 19 | DGNS7-LEZ38 | ILLINI STATE TRUCKING CO. A/K/A IST HOLDINGS, LLC, RLB INTERNATIONAL, LLC | 7020 CLINE AVE | HAMMOND | IN | 46323 |
| 17 | DGE7U-PYKJH | J. & R. TRANSPORT INC. | PO BOX 195 | DICKEYVILLE | WI | 53808 |
| 8 | DSV2N-D7QWX | JERRY MCCLURE TRUCKING INC. | 1814 STATE HWY E | COOTER | MO | 63839 |
| 7 | DQ6BX-TW23N | KELLER LOGISTICS, INC., THOMAS E. KELLER LEASING CO., INC., THOMAS E. KELLER TRUCKING, INC. | 24862 ELLIOTT RD | DEFIANCE | OH | 43512 |
| 32 | DQVR8-AMNGK | MCLANE COMPANY, INC., MCLANE DISTRIBUTION AFFILIATES, MCLANE CARRIER AFFILIATES | 4747 MCLANE PKWY | TEMPLE | TX | 76504 |
| 10 | DS34N-XMUYE | MILAN SUPPLY CHAIN SOLUTIONS INC. F/K/A MILAN EXPRESS, INC. | 109 KEFAUVER DR | MILAN | TN | 38358 |
| 14 | DXHE4-C2A8G | NATIONWIDE TRANSPORTATION, JASPER LEASING, INC. | 4601 S 70TH ST | OMAHA | NE | 68117 |
| 16 | DWVSH-4MJ5E | PATRON TRANSPORT CO. | 1829 N PARK DR | MOUNT PROSPECT | IL | 60056 |
| 28 | DGAVM-6WRJF | RICHARDSON STEEL YARD, INC | PO BOX 604 | GALENA PARK | TX | 77547 |
| 27 | D9U8J-V6FWC | RICHWAY CARTAGE INC. | PO BOX 604 | GALENA PARK | TX | 77547 |
| 25 | DJMAZ-S58NW | RICHWAY TRANSPORTATION SERVICES, INC. | PO BOX 15604 | HOUSTON | TX | 77220 |
| 39 | DQXAZ-FSDY4 | RSD LEASING, INC. | 601 OLD RIVER RD | WHITE RIVER JUNCTIO | VT | 05001 |
| 33 | D9BWY-GHJ45 | SCOTT'S TRUCKING, LLC | 2731 NE MELODY WY | MCMINNVILLE | OR | 97128 |
| 35 | DP7WA-G3DTZ | SETH KAPLAN | 22356 E DORADO PL | AURORA | CO | 80015 |
| 31 | DNC5X-2UMRD | SIMON'S TRUCKING, INC., GE TF TRUST, RJ LEASING COMPANY | 920 SIMON DR | FARLEY | IA | 52046 |
| 15 | DFXTZ-SCWH3 | SOUTH LAND TRUCKING LLC, LANE VENTURES LLC | 3921 MS-57 | OCEAN SPRINGS | MS | 39564 |

**EXHIBIT A**

| | | | | | | |
|---|---|---|---|---|---|---|
| 3 | DNS8K-7J25T | STEVEN GEORGE, GEORGELAND & TRANSPORT LLC | 4600 NW OLD HWY 36 | HAMILTON | MO | 64644 |
| 30 | D4GQ7-LZNFP | TEAM BIONDI, LLC | 248 EASTON TURNPIKE | LAKE ARIEL | PA | 18344 |
| 40 | D2P4J-LQZAR | TOWN OF MOREAU | 351 REYNOLDS RD | MOREAU | NY | 12828 |
| 18 | DN7PJ-483VE | TROYER TRANSPORTATION INC. | 817 ROUTE 97 S | WATERFORD | PA | 16441 |
| 41 | D8PZV-75A4Y | VETERANS RIDESHARE, INC., CAR CHAMPS FINANCE, LLC, YOUR LEASING SOLUTION, LLC | 514 MAPLE ST | RAMONA | CA | 92065 |
| 34 | DSTVA-HQZMX | W.K.S., LLC, TIME-DC | 650 W HIGHWAY 60 | MONETT | MO | 65708 |
| 13 | DU8R7-C3QPA | WILLIAMS NATIONAL LEASE LTD., WILLIAMS SYSTEMS, LLC, WNL TRANSPORTATION, LLC, WILLIAMS LOGISTICS, LLC | 400 W NORTHTOWN RD | NORMAL | IL | 61761 |
| 37 | DM8CP-KD73Y | WRIGHT TRANSPORTATION, INC. | 3315 INDUSTRIAL RD | PASCAGOULA | MS | 39581 |
| 23 | DYE9J-DQ268 | XCELERATED TRANSPORTATION GROUP LLC | 1888 LOCKHEED CT | STOCKTON | CA | 95206 |

**EXHIBIT A**

# EXHIBIT B

| Request ID | JND ID | Name | VINs in Request | Non-Class VINs in request | Status | Postmark | Date Received |
|---|---|---|---|---|---|---|---|
| 1 | D7VLH-PNM6Y | EVERGREEN FOREST PRODUCTS INC. | 17 | 0 | Deficient | 7/26/2019 | 7/30/2019 |
| 2 | DRVQS-G3DX5 | ALL FREIGHT SYSTEMS INC. | 65 | 11 | Valid | 8/16/2019 | 8/20/2019 |
| 3 | DNS8K-7J25T | GEORGELAND & TRANSPORT LLC | 1 | 0 | Valid | 8/19/2019 | 8/22/2019 |
| 4 | DHUMQ-B6A39 | BRENDA GRAHAM | 1 | 0 | Valid | 9/5/2019 | 9/10/2019 |
| 5 | DUQB9-FCPWT | FLEETMASTER EXPRESS INC. | 100 | 0 | Valid | 9/9/2019 | 9/12/2019 |
| 6 | DGZDN-SCHA7 | FLOYD BLINSKY TRUCKING INC. | 20 | 0 | Valid | 9/9/2019 | 9/12/2019 |
| 7 | DQ6BX-TW23N | KELLER LOGISTICS, INC., THOMAS E. KELLER LEASING CO., INC., THOMAS E. KELLER TRUCKING, INC. | 65 | 1 | Valid | 9/9/2019 | 9/12/2019 |
| 8 | DSV2N-D7QWX | JERRY MCCLURE TRUCKING INC. | 7 | 0 | Valid | 9/9/2019 | 9/12/2019 |
| 9 | DRAMW-6PU2B | GREAT PLAINS TRUCKING INC. | 33 | 0 | Valid | 9/9/2019 | 9/12/2019 |
| 10 | DS34N-XMUYE | MILAN SUPPLY CHAIN SOLUTIONS INC. F/K/A MILAN EXPRESS, INC. | 234 | 0 | Valid | 9/9/2019 | 9/12/2019 |
| 11 | D43UK-DLGPE | DUTCHMAID LOGISTICS INC. | 20 | 0 | Valid | 9/9/2019 | 9/12/2019 |
| 12 | DGYJE-THZMF | FIRST EXPRESS INC. | 40 | 0 | Valid | 9/9/2019 | 9/12/2019 |
| 13 | DU8R7-C3QPA | WILLIAMS NATIONAL LEASE LTD., WILLIAMS SYSTEMS, LLC, WNL TRANSPORTATION, LLC, WILLIAMS LOGISTICS, LLC | 21 | 0 | Valid | 9/9/2019 | 9/12/2019 |
| 14 | DXHE4-C2A8G | NATIONWIDE TRANSPORTATION, JASPER LEASING, INC. | 24 | 0 | Valid | 9/9/2019 | 9/12/2019 |
| 15 | DFXTZ-SCWH3 | SOUTH LAND TRUCKING LLC | 14 | 0 | Valid | 9/9/2019 | 9/12/2019 |
| 16 | DWVSH-4MJ5E | PATRON TRANSPORT CO. | 5 | 0 | Valid | 9/10/2019 | 9/13/2019 |
| 17 | DGE7U-PYKJH | J. & R. TRANSPORT INC. | 20 | 0 | Valid | 9/10/2019 | 9/13/2019 |
| 18 | DN7PJ-483VE | TROYER TRANSPORTATION INC. | 5 | 0 | Valid | 9/10/2019 | 9/13/2019 |
| 19 | DGNS7-LEZ38 | ILLINI STATE TRUCKING CO. | 19 | 0 | Valid | 9/10/2019 | 9/16/2019 |
| 20 | D7RJQ-MXV68 | HOKER TRUCKING | 4 | 0 | Valid | 9/13/2019 | 9/16/2019 |
| 21 | DB2FX-E4ZAT | ATLAS SN. LEASING INC. | 25 | 1 | Valid | 9/17/2019 | 9/20/2019 |
| 22 | DXB2G-AP98F | ADRIAN TRUCKING INC. | 11 | 0 | Valid | 9/17/2019 | 9/20/2019 |
| 23 | DYE9J-DQ268 | XCELERATED TRANSPORTATION GROUP LLC | 10 | 1 | Valid | 9/18/2019 | 9/23/2019 |
| 24 | DJNU5-PVGS8 | ALMA TRANSPORT INC., HIGHLANDER EXPRESS, INC. | 10 | 0 | Valid | 9/13/2019 | 9/23/2019 |
| 25 | DJMAZ-S58NW | RICHWAY TRANSPORTATION | 1 | 0 | Valid | 9/20/2019 | 9/24/2019 |
| 26 | DQHZT-UM5D2 | FIVE R PARTNERSHIP LTD. | 7 | 4 | Valid | 9/20/2019 | 9/24/2019 |
| 27 | D9U8J-V6FWC | RICHWAY CARTAGE INC. | 2 | 0 | Valid | 9/20/2019 | 9/24/2019 |
| 28 | DGAVM-6WRJF | RICHARDSON STEEL YARD, INC | 1 | 1 | Valid | 9/20/2019 | 9/24/2019 |
| 29 | D2Z8Q-PNC7R | CARDINAL LOGISTICS MGMT. CORP. | 736 | 15 | Valid | 9/26/2019 | 9/30/2019 |
| 30 | D4GQ7-LZNFP | TEAM BIONDI, LLC | 12 | 0 | Valid | 9/30/2019 | 10/3/2019 |

**EXHIBIT A**

| | | | | | | |
|---|---|---|---|---|---|---|
| 31 | DNC5X-2UMRD | SIMON'S TRUCKING, INC., GE TF TRUST, RJ LEASING COMPANY | 16 | 0 | Valid | 10/1/2019 | 10/4/2019 |
| 32 | DQVR8-AMNGK | MCLANE COMPANY, INC., MCLANE DISTRIBUTION AFFILIATES, MCLANE CARRIER AFFILIATES | 300 | 24 | Valid | N/A (email) | 10/10/2019 |
| 33 | D9BWY-GHJ45 | SCOTT'S TRUCKING, LLC | 7 | 0 | Valid | 10/7/2019 | 10/11/2019 |
| 34 | DSTVA-HQZMX | W.K.S., LLC, TIME-DC | 10 | 0 | Valid | 10/8/2019 | 10/11/2019 |
| 35 | DP7WA-G3DTZ | SETH KAPLAN | 1 | 0 | Valid | 10/8/2019 | 10/11/2019 |
| 36 | DLSMP-GWFC6 | FEDEX GROUND PACKAGE SYSTEM, INC. | 0 | 0 | Deficient | 10/8/2019 | 10/15/2019 |
| 37 | DM8CP-KD73Y | WRIGHT TRANSPORTATION, INC. | 101 | 2 | Valid | 10/10/2019 | 10/15/2019 |
| 38 | DGHXR-U7JDN | COUNTY OF CATTARAUGUS | 7 | 3 | Valid | 10/10/2019 | 10/15/2019 |
| 39 | DQXAZ-FSDY4 | RSD LEASING, INC. | 1 | 1 | Valid | 10/10/2019 | 10/15/2019 |
| 40 | D2P4J-LQZAR | TOWN OF MOREAU | 2 | 1 | Valid | 10/9/2019 | 10/15/2019 |
| 41 | D8PZV-75A4Y | VETERANS RIDESHARE, INC., CAR CHAMPS FINANCE, LLC, YOUR LEASING SOLUTION, LLC | 141 | 22 | Valid | 10/10/2019 | 10/16/2019 |

**EXHIBIT A**

EXHIBIT 2

EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |  |
|---|---|---|
| In re Navistar MaxxForce Engines Marketing, Sales Practices and Products Liability Litigation | ) ) ) ) ) ) ) ) ) | Master Case No. 1:14-cv-10318 <br><br> This filing applies to <br> All Class Cases <br><br> **Judge Joan B. Gottschall** |

## ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT, AWARD OF ATTORNEYS' FEES AND COSTS AND NAMED PLAINTIFF SERVICE AWARDS, AND ENTERING FINAL ORDER AND JUDGMENT

Named Plaintiffs and Defendants Navistar, Inc. and Navistar International Corporation

entered into a Settlement Agreement on or about May 28, 2019 to fully and finally resolve the

claims of Named Plaintiffs, on their behalf and on behalf of all persons and entities similarly

situated, that Defendants allegedly sold or leased 2011-2014 model year vehicles equipped with

certain MaxxForce 11- or 13-liter diesel engines equipped with a defective EGR emissions

system. ECF No. 632-1.[1]  The Court held a preliminary approval hearing on May 31, 2019, and,

on June 12, 2019, the Court granted preliminary approval of the Settlement, provisionally

approving certification of a nationwide class for settlement. ECF No. 648.

On November 13, 2019, the Court held a Fairness Hearing on (1) Named Plaintiffs'

Motion for Final Approval of Proposed Class Action Settlement (ECF No. 672) and (2) Named

---

[1] Unless defined differently herein, this Final Order and Judgment incorporates the definitions in the Settlement Agreement, and terms used herein shall have the same meanings as set forth in the Settlement Agreement. The Settlement Agreement is adopted by the Court and made part of this Final Order and Judgment as if set out in full herein. ECF No. 632-1. In the event of any inconsistency between the Settlement Agreement and a term defined differently herein, the definition herein shall apply.

Plaintiffs' Motion for an Award of Attorneys' Fees and Expenses and for Class Representative

Service Awards (ECF No. 668). The Court heard argument from Named Plaintiffs, Defendants

and objectors.[2] Through the briefs, exhibits, and argument at the Fairness Hearing, the Court has

thoroughly examined and considered the Settlement and Settlement Agreement, the requests for

Attorneys' Fees and Costs and Service Awards, and the objections. On January 3, 2020, the

Court issued Pretrial Order No. 31, explaining why the Settlement merits approval and

overruling the objections. ECF No. 730.

Having reviewed the motions and all related pleadings and filings and having also heard

the evidence and argument presented at the Fairness Hearing, and for the reasons set forth in

Pretrial Order No. 31, which are incorporated herein by reference, THE COURT HEREBY

FINDS, CONCLUDES, AND ORDERS THE FOLLOWING:

### FINAL ORDER AND JUDGMENT

**Certification of the Class.**

1. The Court certifies, for settlement purposes only, the following class (hereinafter

and for purposes of this Final Order and Judgment, the "Class"):

> All entities and natural persons who owned or leased, before August 11, 2019,
> a 2011-2014 model year vehicle equipped with a MaxxForce 11- or 13-liter
> engine certified to meet EPA 2010 emissions standards without selective
> catalytic reduction technology, provided that vehicle was purchased or leased
> in any of the fifty (50) States, the District of Columbia, Puerto Rico, or any
> other United States territory or possession.

> Excluded from the Class are: (1) all federal court judges who have presided
> over this Litigation and any members of their immediate families; (2) all entities
> and natural persons that have litigated claims involving Class Vehicles'

---

[2] Four members of the Class ("Objectors") collectively objected to the Settlement. ECF No. 694.
One additional member of the Class objected *pro se*, but later withdrew her objection for no
consideration after the terms of the Settlement were explained to her. ECF No. 722-2 Ex. B.
There were no objections to the requested Attorney' Fees and Costs or requested Service
Awards.

**EXHIBIT A**

allegedly defective EGR emissions system against Navistar to final, non-appealable judgment (with respect to those vehicles only); (3) all entities and natural persons who, via a settlement or otherwise, delivered to Navistar releases of their claims involving Class Vehicles' allegedly defective EGR emissions system (with respect to those vehicles only); (4) Defendants' employees, officers, directors, agents, and representatives, and their family members; (5) any Authorized Navistar Dealer of new or used vehicles; (6) any person or entity that purchased a Class Vehicle solely for the purposes of resale (with respect to those vehicles only); (7) any person or entity that was a lessee of a Class Vehicle for fewer than thirty-one (31) days (with respect to those vehicles only); and (8) Idealease and Navistar Leasing Co. (lessees of Class Vehicles for more than thirty (30) days from these entities are part of the Class).

2.    For the reasons stated in its order granting preliminary approval to the Settlement (ECF No. 648) and summarized below, the Court finds that the Class meets the requirements of Rule 23 for certification for settlement purposes:

    a.  Rule 23(a)(1) Numerosity: The proposed Class is too numerous to practicably join all members, because it includes approximately 45,000 members. ECF No. 660 ¶ 6.

    b.  Rule 23(a)(2) Commonality: Resolution of this litigation would depend on the common answers to common questions, such as whether the Class Vehicles are defective; whether Defendants knew or should have known of the defect prior to sale; whether Defendants' warranties required them to fix the defect; and whether the Class Vehicles came with an implied warranty of merchantability.

    c.  Rule 23(a)(3) Typicality: Named Plaintiffs' claims are typical of the members of the proposed Class because they challenge the same conduct—the design and sale of the same Navistar trucks—that allegedly affected all Class Members, and they make the same legal arguments and face the same defenses as all Class Members.

    d.  Rule 23(a)(4) Adequacy: Both Named Plaintiffs and Co-Lead Class Counsel have adequately represented the Class throughout the Litigation.

    e.  Rule 23(b)(3) Predominance: Common issues in the Litigation, such as the existence of a defect, Defendants' knowledge of that defect, and the materiality of that defect to reasonable consumers, predominate over individual issues.

    f.  Rule 23(b)(3) Superiority: A class action is superior to many individual actions.

**EXHIBIT A**

3.      The Court appoints Co-Lead Class Counsel and the Named Plaintiffs as counsel

and representatives, respectively, for the Class.

**Notice.**

4.      The Court affirms the appointment of JND Class Action Administration ("JND")

as Settlement Administrator.

5.      In accordance with the Settlement Agreement, JND launched the Settlement

Website and contacted Departments of Motor Vehicles nationwide to acquire Class

Member contact information.  JND acquired mailing addresses for the Class Members

associated with over 99% of Class Vehicles and email addresses for 43% of Class

Members.  ECF No. 660 ¶ 4.  Pursuant to this Court's preliminary approval order, JND

mailed and emailed notice to the Class at these addresses on August 9, 2019.  *Id.* ¶¶ 9, 11.

Therefore, direct notice was sent to the vast majority of Class Members.

6.      The Class Notice, together with all included and ancillary documents thereto,

complied with all the requirements of Rule 23(c)(2)(B) and fairly, accurately, and

reasonably informed members of the Class of (a) appropriate information about the

nature of this lawsuit, including the class claims, issues, and defenses, and the essential

terms of the Settlement Agreement; (b) the definition of the Class; (c) appropriate

information about, and means for obtaining additional information regarding the lawsuit

and the Settlement Agreement; (d) appropriate information about, and means for

obtaining and submitting, a claim; (e) appropriate information about the right of Class

Members to appear through an attorney, as well as the time, manner, and effect of

excluding themselves from the Settlement, objecting to the terms of the Settlement

Agreement, or objecting to Co-Lead Class Counsel's request for an award of attorneys'

- 4 -

**EXHIBIT A**

fees and costs, and the procedures to do so; (f) appropriate information about the consequences of failing to submit a claim or failing to comply with the procedures and deadline for requesting exclusion from, or objecting to, the Settlement; and (g) the binding effect of a class judgment on Class Members under Rule 23(c)(3) of the Federal Rules of Civil Procedure.

7.      The Court finds that Class Members have been provided the best notice practicable of the Settlement and that such notice fully satisfies all requirements of applicable laws and due process.

8.      The Court also finds that notice to appropriate federal and state officials pursuant to the federal Class Action Fairness Act has been timely sent and that such notice fully satisfies the requirements of the federal Class Action Fairness Act, 28 U.S.C. § 1715.

**Final Approval of Settlement**.

9.      At the Fairness Hearing held on November 13, 2019, the Court fulfilled its duties to independently evaluate the fairness, reasonableness, and adequacy of, *inter alia*, the Settlement and the notice provided to Class Members, considering the pleadings and argument of the parties and their counsel, the arguments of Objectors, and the interests of all absent members of the Class.

10.     After thoroughly considering the briefing and arguments of the Settling Parties and Objectors and considering the factors required by Rule 23 and the Seventh Circuit and as set forth in Pretrial Order No. 31, this Court concludes that this Settlement is fair, reasonable, and adequate, and grants final approval to the Settlement.

11.     Specifically, the Court determines that (a) the Named Plaintiffs and Co-Lead Class Counsel have adequately protected the Class; (b) the Settlement was negotiated at

**EXHIBIT A**

arm's length; (c) the relief to the Class is adequate, taking into account: (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of the proposed method of distributing relief to the Class, including the method of processing Class Members' claims; (iii) the terms of the proposed award of attorneys' fees, including the timing of payment; and (iv) any agreement required to be identified under Rule 23(e)(3) of the Federal Rules of Civil Procedure; and (d) the Settlement treats Class Members equitably relative to each other. Accordingly, the Court finds the Settlement to be fair, reasonable, and adequate. The Court expressly finds that the Settlement is the result of extended, arm's-length negotiations among experienced counsel, including with the aid of respected class action mediator Judge Wayne Andersen (Ret.), and is non-collusive.

12.     The parties have represented to the Court that no other agreements exist in connection with the Settlement other than an agreement that would have allowed Defendants and Co-Lead Counsel to terminate the Settlement in certain defined circumstances that did not occur.

13.     All timely objections filed by members of the Class have been fully considered by the Court and are overruled, as explained in Pretrial Order No. 31. The Court finds that the Settlement Agreement is in all respects fair, reasonable, adequate, and in the best interest of the Class.

**Implementation of Settlement.**

14.     Consistent with the Settlement Agreement, the Settlement Administrator shall provide to members of the Class, upon submission of a valid claim, depending upon the benefit selected as well as pursuant to applicable terms and documentation requirements set forth in the Settlement Agreement, one or more of the following benefits for each

- 6 -

**EXHIBIT A**

Class Vehicle: (a) up to $2,500 cash; (b) up to a $10,000 rebate off the price of a new

Navistar truck; or (c) up to $15,000 compensation for Covered Costs. These benefits

shall be provided from the Cash Fund and Rebate Fund as provided for under the

Settlement Agreement. The Settling Parties shall carry out their respective obligations as

stated in the Settlement Agreement.

**Attorneys' Fees And Costs, And Named Plaintiff Service Awards.**

15.     The Court may "award reasonable attorney's fees and nontaxable costs that are

authorized by law or by the parties' agreement." Fed. R. Civ. P. 23(h). Pursuant to this

Court's Order (ECF No. 27), Co-Lead Class Counsel and other Fee Recipients working

on behalf of the Class maintained daily records of time spent and expenses incurred on

behalf of the Class, and submitted periodic billing statements to the Court. Co-Lead

Class Counsel requested $36,488,073.26 in fees based on nearly 74,000 hours reported by

15 firms. Having been regularly kept apprised of the time spent by counsel, having

reviewed the regular time submissions and the motion for fees and supporting

documentation, and given that no party or Class Member has opposed or objected to the

fee request, the Court finds the fee request supported and reasonable.

16.     Co-Lead Class Counsel also seek reimbursement of $3,511,926.74 in out-of-

pocket costs advanced for the Class. Counsel submitted documentation supporting the

requested costs, which showed they were appropriate expenditures on behalf of the Class

and are of the type recoverable. The Court approves the request for reimbursement of

$3,511,926.74 in advanced costs.

17.     Co-Lead Class Counsel also request $25,000 Service Awards for the 29 Named

Plaintiffs (counting related corporate entities as a single Named Plaintiff). When courts

**EXHIBIT A**

evaluate such awards, "relevant factors include the actions the plaintiff has taken to protect the interests of the class, the degree to which the class has benefitted from those actions, and the amount of time and effort the plaintiff expended in pursuing the litigation." *Cook v. Niedert*, 142 F.3d 1004, 1016 (7th Cir. 1998) (approving $25,000 award). Here, the Named Plaintiffs each sat for at least one deposition, searched for hundreds or thousands of documents each to produce in discovery, and most presented their trucks for inspection. The Court concludes that the requested $25,000 Service Award is appropriate for each Named Plaintiff.

18. For the reasons stated above, the Court approves Co-Lead Class Counsel's requests for Attorneys' Fees and Costs and for Service Awards.

**Exclusions from the Class**.

19. The Settlement Administrator has received, from certain members of the Class, requests for exclusion from the Class and has provided Co-Lead Class Counsel and Defendants' counsel copies of those requests. A list of the persons who have timely requested to be excluded from the Settlement has been submitted to the Court. ECF No. 698. All persons named in the list submitted to the Court as having filed timely requests for exclusions with the Settlement Administrator are excluded from the Class and will not be bound by the terms of the Settlement. Each individual or entity that otherwise falls within the definition of the Class shall be bound by the terms of the Settlement.

**Releases.**

20. In consideration of the Settlement, the Named Plaintiffs and each member of the Class, on behalf of themselves and any other legal or natural persons who may claim by, through, or under them, agree to fully, finally, and forever release, relinquish, acquit,

- 8 -

**EXHIBIT A**

discharge, and hold harmless the Released Parties from any and all claims, demands, suits, petitions, liabilities, causes of action, rights, and damages of any kind and/or type regarding the subject matter of the Litigation, including, but not limited to, compensatory, exemplary, punitive, and expert and/or attorneys' fees or by multipliers, whether past, present, or future, mature, or not yet mature, known or unknown, suspected or unsuspected, contingent or non-contingent, derivative or direct, asserted or un-asserted, whether based on federal, state or local law, statute, ordinance, regulation, code, contract, common law, or any other source, or any claim of any kind arising from, related to, connected with, and/or in any way involving the Litigation or the Class Vehicles in any manner that are defined, alleged, included, or described in the Second or Third Amended Consolidated Class Action Complaint, the Litigation, or any amendments of the Litigation (collectively, the "Released Claims"). In connection with the Settlement, the Named Plaintiffs and members of the Class acknowledge that they may hereafter discover claims presently unknown or unsuspected, or facts in addition to or different from those that they now know or believe to be true concerning the subject matter of the Litigation and/or the Release herein. Nevertheless, it is the intention of Co-Lead Class Counsel and the members of the Class to fully, finally, and forever settle, release, discharge, and hold harmless all such matters, and all claims relating thereto which exist, hereafter may exist, or might have existed (whether or not previously or currently asserted in any action or proceeding) with respect to the Litigation, except as otherwise stated in the Settlement Agreement.

21.     Nothing in this order is intended to modify, change, or diminish the manufacturer's limited, written warranty with respect to a Class Vehicle; to affect any

**EXHIBIT A**

lease, loan, or purchase payments due Defendants or their affiliates; or release any

entitlement by members of the Class to Future Authorized Field Changes. Members of

the Class (other than Named Plaintiffs) are not releasing any claims for personal injury or

damage to property other than the Class Vehicle and Covered Costs.

22.     The Named Plaintiffs individually release all claims of any kind arising from,

related to, in connection with, or in any way involving the allegations in the Second or

Third Consolidated Class Action Complaint, their individual or separate class complaints,

the Litigation, or the Class Vehicles.

23.     All Named Plaintiffs and members of the Class have waived and relinquished all

rights and benefits that they may have under, or that may be conferred upon them by, the

provisions of Section 1542 of the California Civil Code and of all similar laws of other

States, to the fullest extent that they may lawfully waive such rights or benefits pertaining

to their released claims.

24.     Defendants release Named Plaintiffs and Co-Lead Counsel from any potential

claims, counter-claims or other relief (including the ability to seek a bill of costs under

the Federal Rules of Civil Procedure) arising from the Litigation that could have been

asserted against Named Plaintiffs or Co-Lead Class Counsel as of the date of the

Settlement Agreement.

**Covenant Not to Sue**.

25.     In consideration of the terms of the Settlement Agreement, all members of the

Class, including the Named Plaintiffs, are found to have (a) covenanted and agreed that

neither Named Plaintiffs nor any members of the Class, nor anyone authorized to act on

behalf of any of them, will commence, authorize, prosecute, or accept any benefit from

**EXHIBIT A**

any judicial or administrative action or proceeding, other than as expressly provided for in the Settlement Agreement, against Defendants, or any of them with respect to any claim, matter, or issue that in any way arises from, is based on, or relates to, any alleged loss, harm, or damages allegedly caused by Defendants, or any of them, in connection with the Released Claims; (b) waived and disclaimed any right to any form of recovery, compensation, or other remedy in any such action or proceeding brought by, or on behalf of, any of them or any putative class of Class Members; and (c) agreed that this judgment shall be a complete bar to any such action by any Named Plaintiff or member of the Class.

**Settlement Agreement as Exclusive Remedy for Released Claims**.

26.     Upon entry of this Final Order and Judgment, enforcement of the Settlement Agreement shall be the exclusive remedy for all members of the Class, including Named Plaintiffs but excluding those who have properly opted out, all of whom are permanently barred and enjoined from instituting, commencing, prosecuting, or continuing to prosecute, either directly or indirectly, any of the Released Claims.  Members of the Class who are prosecuting or asserting any of the Released Claims are ordered to take whatever measures are necessary to effectuate dismissal of their claims.

27.     This Final Order and Judgment bars and permanently enjoins all members of the Class from (a) filing, commencing, prosecuting, intervening in or participating (as class members or otherwise) in any other lawsuit or administrative, regulatory, arbitration or other proceeding in any jurisdiction based on, relating to or arising out of the claims and causes of action or the facts and circumstances giving rise to the Litigation or the Released Claims and (b) organizing Class Members who have not been excluded from

- 11 -

**EXHIBIT A**

the class into a separate class for purposes of pursuing as a purported class action any lawsuit or arbitration or other proceeding based on, relating to or arising out of the claims and causes of action or the facts and circumstances giving rise to the Litigation or the Released Claims, except that Class Members are not precluded from participating in any investigation or suit initiated by a state or federal agency.

**Effect of Final Judicial Determination of Invalidity or Unenforceability**.

28.     If, after entry of this Final Order and Judgment by the Court, a notice of appeal of this Final Order and Judgment is timely filed by any party, objector, claimant, or other person or entity, and if an appellate court makes a final determination that this Final Order and Judgment is in any respect invalid, contrary to law, or unenforceable (except for such determinations that are limited to the Attorneys' Fees and Costs and/or Service Awards), this Final Order and Judgment shall be automatically vacated, the Settlement Agreement shall be null and void, and Defendants may fully contest certification of any class as if no Class had been certified. In addition, the Settling Parties shall return to their respective positions in this lawsuit as they existed immediately before the Settling Parties executed the Settlement Agreement, and nothing stated herein or in the Settlement Agreement shall be deemed an admission or waiver of any kind by any of the Settling Parties or used as evidence against, or over the objection of, any of the Settling Parties for any purpose in this action or in any other action.

**No Admission of Liability**.

29.     The Settling Parties entered into the Settlement Agreement solely for the purpose of compromising and settling disputed claims. Nothing contained in the Settlement Agreement, any documents relating to the Settlement, this Court's preliminary approval

**EXHIBIT A**

order, or this Final Order and Judgment shall be construed, deemed, or offered as an admission by any of the Settling Parties or any other person or entity for any purpose in any judicial or administrative action or proceeding of any kind, whether in law or equity.

**Entry of Final Judgment**.

30.     The Court dismisses with prejudice all class cases filed in *In re MaxxForce Engines Marketing, Sales Practices and* Products *Liability Litigation,* MDL No. 2590 (the "MDL") against one or both of the Defendants.[3] The Court further orders the entry of, and enters, this Final Order and Judgment on all claims, counts, and causes of action alleged in this Litigation by Named Plaintiffs, on behalf of themselves, the Class, or both. In entering this Final Order and Judgment with the provisions stated herein and other limiting provisions, this Court specifically refers to and invokes the Full Faith and Credit Clause of the United States Constitution and the doctrine of comity, and requests that any court in any other jurisdiction reviewing, construing, or applying this Final Order and Judgment implement and enforce its terms and limitations in their entirety.

31.     Without affecting the finality of this Final Order and Judgment in any way, this Court reserves jurisdiction over (a) implementation of this Settlement and the MDL; (b) all matters related to the administration and consummation of the Settlement; and (c) all parties to the MDL for the purpose of implementing, enforcing, monitoring compliance with, effectuating, administering, and interpreting the provisions of the Settlement Agreement and this Final Order and Judgment.

---

[3] The class claims brought by opt-out Wright Transportation, Inc. ("Wright") in Case No. 14-cv-7805 are dismissed with prejudice, but Wright retains the ability to assert its individual claims against Defendants.

- 13 -

**EXHIBIT A**

32.     Pursuant to Rule 54 of the Federal Rules of Civil Procedure, the Court finds that

there is no reason for delay in the entry of this Final Order and Judgment as a final order

and final judgment, and the Court further expressly directs the Clerk of the Court to file

this Final Order and Judgment as a final order and final judgment.


**IT IS SO ORDERED** this 21st day of January, 2020.


$\qquad$ /s/ $\qquad$
Joan B. Gottschall
United States District Judge

- 14 -

**EXHIBIT A**