IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re Navistar MaxxForce Engines Marketing, Sales Practices and Products Liability Litigation | Master Case No. 1:14-cv-10318<br><br>Judge Joan B. Gottschall |

**OHIO LITIGANTS', DRASC, INC. AND S&C TRUCKS OF WINKLEPLECK, LTD., RESPONSE IN OPPOSITION TO NAVISTAR'S MOTION TO STRIKE OR, IN THE ALTERNATIVE, FOR LEAVE TO FILE A COMBINED SUR-REPLY**

DRASC, Inc. and S&C Trucks of Winklepleck, Ltd. (referred to collectively as "Drasc") respectfully present this Response in Opposition to Navistar's Motion to Strike or, in the Alternative, For Leave to File a Combined Sur-Reply (Doc. # 797) (the "Motion"). The Motion should be denied for several reasons:

1.     In its Motion, Navistar wrongly contends that Drasc raised a new argument concerning "email notice." In reality, Drasc has consistently maintained the position that they did not receive the settlement notice required by this Court. In Navistar's response brief (see Doc. # 787), Navistar proclaimed that: "The Parties And The Settlement Administrator *Scrupulously Followed The Court-Ordered Procedures*, *Including With Respect To Drasc* And TDS." (Emphasis added.). In its response brief, Navistar further claimed that "***great care***" and "***considerable expense***" were expended "***to implement the Court-approved procedures***." [Doc. # 787, p. 11].

2.     The problem with these arguments in Navistar's response brief is that they are inaccurate, at least with respect to Drasc. Therefore, it should have come as no surprise to Navistar that Drasc's reply brief would point out that the Court-ordered notice procedures were ***not*** scrupulously followed with respect to Drasc. It is undisputed that no email notice was sent to Drasc, even though Navistar possessed the email addresses and had been ordered by the Court to

provide email notice in addition to the short form notice. Navistar concedes it needed to ensure email notice to all class members with "available" email addresses. [*Id*. ("And Class Members for whom email addresses were available were also provided Email Notice.").

3. Navistar does not dispute Drasc's email addresses were available to it. And Navistar cannot complain it needed to search its allegedly vast records to locate Drasc's email addresses, when in reality it needed only to review the first page of Drasc's document production in the Ohio Lawsuit. [See Doc. # 792-2, p. 1]. Moreover, if Navistar had searched its own records, it would have located emails back and forth with Drasc. In its response brief, Navistar complains that searching its own records would have been too burdensome. That complaint lacks support, particularly given that Navistar was in active litigation with Drasc and was already under a duty to preserve and gather all such communications.

4. Likewise, Navistar can hardly claim (as it did in its response brief) that it scrupulously and painstakingly followed the Court-ordered settlement notice requirements when Navistar could not even be bothered to look at the discovery produced in the Ohio lawsuit or search its own records for Drasc's email. Further, if Navistar actually believed that searching its own records was too burdensome, then Navistar should not have suggested to the Court that email notice was appropriate nor agreed to the same. If Navistar had raised such a concern at the time it sought approval of the class action settlement notice requirements, then the Court would have undoubtedly examined alternative methods of notice, particularly as the Court explained its concern that postcard notice "notoriously underperforms." [Doc. # 787-2, p. 67].

5. Navistar's argument about email service also misconstrues Drasc's pending motion and the evidence in support of the same. Drasc have shown they did not receive the settlement notice, via email or ordinary mail or through counsel. Navistar's statement that "Drasc

plainly received" the Settlement Notice is patently false. Drasc submitted a declaration in support of their motion which explicitly states Drasc never received the Settlement Notice. [See Doc. # 760-1, ¶ 7]. There is no evidence or records from the United States Postal Service proving the Settlement Notice was actually sent or delivered to Drasc. Further, we know that the Court-ordered procedures regarding email notice were not followed with respect to Drasc. Therefore, it is illogical to simply assume that the Court-ordered procedures for mailing the short form notice were followed, particularly where such postcard notice underperforms as recognized by this Court. As a result, Navistar's claim that Drasc plainly received the Settlement Notice lacks support, is contradicted by the facts, and does not serve as a basis to file a sur-reply.

6. Moreover, completely contrary to the suggestion in the Motion, Drasc have certainly ***not*** abandoned their argument that "best notice" under Civil Rule 23 requires actual notice be sent to known legal counsel of class members who are actively litigating separate state cases. In fact, Drasc reinforced that argument by demonstrating that Navistar actively concealed the class action settlement notice (including the purported impact on Drasc's longstanding Ohio litigation and the opt-out requirements) from Drasc's counsel. [See Doc #792, pp. 4-7]. In that Ohio litigation, Navistar consistently stated that other litigation (including the class action) and settlements were irrelevant and inapplicable to Drasc's Ohio litigation. It was not until February 7, 2020—*after* the settlement was finally approved in January 2020—that Navistar provided the Settlement Notice to Drasc.

7. Navistar also should not be permitted to raise additional arguments about Drasc's case law and in any event, the Court is fully capable of reading those cases and deciding their applicability to the facts of this case. The two cases discussed within paragraphs 9 and 10 of the Motion were fully discussed in Drasc's memorandum in support of its motion and for one case

(*McCubbrey*) had a significant block quote within Drasc's memorandum. [See Doc. # 760, pp. 9-10]. Navistar failed to address those cases in any substantive manner within its 19-page response brief. While Navistar may now be second-guessing that omission, that is an improper basis to file a sur-reply.

8. Finally, Navistar's speculation about what arguments an unrelated party, TDS, may assert in a future reply brief does not support Navistar's attempt to file a sur-reply with respect to Drasc's Motion. First, Navistar's discussion of what it believes TDS's reply brief will contain is entirely speculative. Moreover, there are stark differences between Drasc and TDS's claims and case histories with Navistar.

## CONCLUSION

Drasc's reply brief did not raise new arguments or evidence. Instead, it addressed the issues set forth in Navistar's response brief, such as Navistar's erroneous contention that the Court-ordered notice requirements were "scrupulously followed." Moreover, Navistar offers no legitimate basis for a need to file a sur-reply. Instead, Navistar simply seeks to have the last word before this Court rules on this incredibly important issue to Drasc, two small businesses that have spent an incredible amount of time and expense litigating their Ohio lawsuit against Navistar for the last several years. Drasc respectfully asks the Court to deny the Motion.

Respectfully submitted:

*/s/ Owen J. Rarric*
Owen J. Rarric (OH # 0075367)
 (Admitted *pro hac vice*), and
Matthew W. Onest (OH # 0087907)
 (Admitted *pro hac vice*), of
KRUGLIAK, WILKINS, GRIFFITHS
 & DOUGHERTY CO., L.P.A.
4775 Munson Street, N.W./P.O. Box 36963
Canton, Ohio  44735-6963
Phone:  (330) 497-0700/Fax:  (330) 497-4020
orarric@kwgd.com; monest@kwgd.com

and

Evan Lincoln Moscov (6278081)
Law Office of Evan Moscov
325 Washington St., Suite 303
Waukegan, IL 60085
Direct: (312) 969-1977
evan.moscov@moscovlaw.com


ATTORNEYS FOR DRASC, INC. AND
S&C TRUCKS OF WINKLEPLECK, LTD.

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 20, 2020, the foregoing was served upon all counsel of record via the District Court of Northern District of Illinois's CM/ECF System.

*/s/ Owen J. Rarric*
Owen J. Rarric (OH # 0075367)
 (Admitted *pro hac vice*), of
KRUGLIAK, WILKINS, GRIFFITHS
 & DOUGHERTY CO., L.P.A.

ATTORNEYS FOR DRASC, INC. AND
S&C TRUCKS OF WINKLEPLECK, LTD.