IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re Navistar MaxxForce Engines Marketing, Sales Practices and Products Liability Litigation | ) ) ) ) ) ) ) ) ) | Case No. 1:14-cv-10318<br><br>This filing applies to:<br>All Cases<br><br>Judge Joan B. Gottschall |

**RESPONSE TO COURT ORDER**

Class Counsel and Defendants respectfully submit this response to the Court's February 7, 2022 order regarding potential closure of this MDL.

**I.      The Court should delay a recommendation on closure until final disposition of the Settlement Fund, and until disposition of the petition for writ of certiorari filed by Drasc, Inc.**

As the Court knows, the Settlement Fund has been distributed to the valid claimants among the Class. The primary round of distribution checks that were issued in late October 2021 became void on January 26, 2022. As of close of business on that date, 97.6% of checks and wires, representing 99.6% of funds, were received or negotiated. In the Settlement Administrator's experience, this redemption rate is excellent.

In an effort to maximize the redemption rate, the Settlement Administrative performed extensive outreach in the two months preceding the void date, including two email campaigns and direct calls to Class Members (including to all Class Members whose checks were returned as undeliverable). That outreach resulted in hundreds of checks being chased in the final few weeks, as well as many requests for checks to be reissued.

As of February 16, 2022, there were 87 checks totaling $88,190.62 that remained uncashed and are now void. In addition, there were an additional 18 checks totaling $52,231.51 that have been (or are about to be) reissued; those checks have void dates in late February or mid-March. As a result, the final amount of unclaimed funds will not be known until then.

The Stipulation and Agreement of Settlement (Dkt. 632-1) does not specify what is to be done with unclaimed Settlement funds. The Parties anticipate filing a motion seeking an order from the Court regarding the disposition of unclaimed funds.

The parties propose making such a motion after the final amount of unclaimed funds is established in mid-March. For that reason, the parties propose that the Court defer decision on recommendation of closure, and require the parties to submit their views on closure, along with any motion regarding unclaimed funds, by March 31, 2022. Alternatively, if the Court decides to recommend closure now, the parties request that the Court expressly retain jurisdiction over the fund to decide that discrete issue.

There is one other reason to delay decision on closure. Class Member Drasc, Inc.'s petition for a writ of certiorari stemming from this Court's denial of its request to be deemed to have opted out or be permitted to belatedly opt out is pending before the Supreme Court (No. 21-385). There is, in theory, a possibility that certiorari could be granted, the Seventh Circuit's decision affirming this Court's decision be reversed, and the matter remanded for further consideration. The petition is set to be considered at the Court's February 18, 2022 conference. In all likelihood, a decision granting or denying certiorari will be made prior to March 31.

**II.     When recommending closure, the Court should clarify certain document destruction obligations under the Protective Order.**

The Stipulated Protective Order Regarding Confidentiality provides:

Within sixty (60) days of the conclusion of this case, counsel for the Party who has received Protected Documents shall either: (i) return to the Designating Party the

> Protected Documents, including any documents which any such Party disclosed to any Qualified Person; or (ii) securely destroy the Protected Documents, including any documents which any such Party disclosed to any Qualified Person, and certify in writing such destruction to the Designating Party.

Dk. 125 ¶ 8.

As of February 18, 2022, the following direct-action/opt-out case in which documents were produced in the MDL remains pending:

- Wright Transportation, Inc. v. Navistar, Inc., Case No. 21-CV-00236, U.S. District Court, S.D. Ala.

Defendants request, and Class Counsel do not oppose, that the Court clarify that closure of this MDL by the JPML does not constitute "the conclusion of this case" as to documents produced by the plaintiff in the above action. The parties propose the following language to be included in any recommendation to the Panel:

> The Court will retain jurisdiction to enforce the Stipulated Protective Order Regarding Confidentiality ("Protective Order") relating to discovery materials in the MDL. Dk. 125. As of February 18, 2022, the following opt-out case remains pending, Wright Transportation, Inc. v. Navistar, Inc., Case No. 21-CV-00236, U.S. District Court, S.D. Ala., and documents pertaining to that action were formerly produced in the MDL pursuant to the Protective Order. The Court clarifies that closure of this MDL by the JPML will not constitute "the conclusion of this case" as to documents produced by the Wright Transportation plaintiff in the above action, but that otherwise, the provisions of paragraph 8 of the Protective Order will be triggered as of the date closure by the JPML occurs.

Dated: February 18, 2021

Respectfully submitted,

/s/ Adam J. Levitt
Adam J. Levitt
alevitt@dicellolevitt.com
DICELLO LEVITT GUTZLER LLC
Ten North Dearborn Street, Sixth Floor
Chicago, Illinois 60602
Telephone: (312) 214-7900

*Co-Lead Class Counsel*

/s/ Jonathan D. Selbin
Jonathan D. Selbin
jselbin@lchb.com
LIEFF CABRASER HEIMANN & BERNSTEIN
250 Hudson Street, 8th Floor
New York, New York 10013
Telephone: (212) 355-9500

*Co-Lead Class Counsel*

/s/ William M. Audet
William M. Audet
waudet@audetlaw.com
AUDET & PARTNERS, LLP
221 Main Street, Suite 1460
San Francisco, California 94105
Telephone: (415) 568-2555
Facsimile: (415) 568-2556

*Co-Lead Class Counsel*

/s/ Laurel G. Bellows
Laurel G. Bellows
lbellows@bellowslaw.com
THE BELLOWS LAW GROUP, P.C.
209 South LaSalle Street, #800
Chicago, Illinois 60604
Telephone: (312) 332-3340

*Liaison Counsel*

/s/ Robin M. Hulshizer
Robin M. Hulshizer
robin.hulshizer@lw.com
Mark S. Mester
mark.mester@lw.com
Cary R. Perlman
cary.perlman@lw.com
Kevin M. Jakopchek
kevin.jakopchek@lw.com
LATHAM & WATKINS LLP
330 North Wabash Avenue, Suite 2800
Chicago, Illinois 60611
Telephone: (312) 876-7700
Facsimile: (312) 993-9767

*Attorneys for Defendants Navistar, Inc. and Navistar International Corporation*

4

## CERTIFICATE OF SERVICE

I hereby certify that on February 18, 2021, a copy of the foregoing document was filed electronically using the CM/ECF System, which will send notification of such filing to all counsel of record.

/s/ *Andrew R. Kaufman*
Andrew R. Kaufman